Donald L. DAVIDSON, Appellant,

v.

The PRUDENTIAL INSURANCE COMPANY OF AMERICA, Appellee.

No. 90–2699WM.

United States Court of Appeals, Eighth Circuit.

Submitted April 11, 1991.

Decided Jan. 10, 1992.

Joseph K. Lewis, Kansas City, Mo., argued, for appellant.

Robert W. McKinley, Kansas City, Mo., argued, for appellee.

Before FAGG and BEAM, Circuit Judges, and DOTY,* District Judge.

FAGG, Circuit Judge.

Donald L. Davidson appeals the district court's order denying him disability benefits under a group insurance policy issued by The Prudential Insurance Company of America (Prudential). We affirm.

In 1983 Prudential issued a group insurance policy to Davidson's employer, Superior Supply Company, as part of Superior's employee benefit plan. In 1984 Davidson was injured in an automobile accident, resulting in his inability to return to work. Davidson filed a claim for long-term disability (LTD) benefits, and Prudential promptly approved Davidson's claim. The group policy covering Davidson provided that LTD benefits would be paid for twenty-four months, but after that period the benefits would be paid only if Davidson was "unable to engage in any and every gainful occupation for which he [was] reasonably fitted for by education, training or experience." For the next two years, Prudential paid Davidson LTD benefits, stayed in contact with Davidson, and monitored his recovery.

At the end of the twenty-four month period, Prudential notified Davidson that based on the information in Prudential's files, Davidson would not be eligible for continuing LTD benefits. Prudential, however, decided to investigate Davidson's claim further and continued to pay benefits beyond the initial twenty-four month period. Several months later, Prudential notified Davidson his claim for continuing LTD benefits was denied, but indicated Davidson was free to submit additional evidence and request a reconsideration of the denial.

Davidson submitted additional evidence and Prudential reinstated his benefits while the review process continued. Prudential had Davidson examined by an independent neuro-psychiatrist to evaluate certain claims Davidson made about his disability and inability to work. After considering Davidson's supplemental information and the neuro-psychiatrist's report, Prudential again denied Davidson continuing LTD benefits. Davidson, represented by counsel, asked Prudential to reconsider its denial, but did not offer any additional evidence. Prudential reviewed Davidson's case and denied the LTD benefits. Davidson then brought this action contending Prudential wrongly denied him LTD benefits in violation of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §§ 1001–1461.

---

* The Honorable David S. Doty, United States District Judge for the District of Minnesota, sitting by designation.

As a threshold matter, the parties agree the district court and this court should review the plan administrator's fact-based decision to deny benefits de novo, that is, without giving any deference to the administrator's decision. *See Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 110–15, 109 S.Ct. 948, 954–57, 103 L.Ed.2d 80 (1989). Davidson, however, contends the district court committed error in refusing to open the administrative record and include a vocational report prepared after litigation had started, which had not been presented to the plan administrator. *See Luby v. Teamsters Health, Welfare & Pension Trust Funds*, 944 F.2d 1176, 1184–85 (3d Cir.1991) (holding new evidence may be presented to district court conducting a de novo review); *Moon v. American Home Assurance Co.*, 888 F.2d 86, 89 (11th Cir.1989) (same). Alternatively, Davidson contends the district court committed error in failing to remand this case to the administrator to consider the vocational report and a psychiatrist's report also prepared after litigation commenced. *See, e.g., Berry v. Ciba-Geigy Corp.*, 761 F.2d 1003, 1007 (4th Cir.1985) (holding remand proper if district court believes administrator lacked adequate evidence to make decision); *Wolfe v. J.C. Penney Co.*, 710 F.2d 388, 394 (7th Cir.1983) (holding remand proper if administrator failed to develop critical evidence bearing on benefits determination). Prudential disagrees, arguing the district court properly made its own determination of whether Davidson is entitled to benefits based on the evidence already in the administrative record. *See Perry v. Simplicity Eng'g*, 900 F.2d 963, 966–67 (6th Cir.1990) (holding de novo review does not require district court to consider evidence not presented to the plan administrator).

Given the circumstances in this case, we need not decide whether a district court conducting a de novo review of an ERISA plan administrator's benefits determination may consider evidence that was not part of the administrative record, or alternatively, direct the administrator to develop the record further. Davidson does not contend Prudential failed to consider proper evidence when determining his eligibility for continuing LTD benefits. Rather, Davidson contends he should be allowed to re-open the record and submit additional evidence that is more favorable to him than the evidence considered by the administrator. This additional evidence, created after litigation had begun, was known or should have been known to Davidson during the administrative proceedings. No change in Davidson's condition occurred after Prudential denied his claim, and Davidson knew what his medical limitations were when he first sought continuing LTD benefits. Indeed, the administrative record is replete with medical reports, physician's statements, vocational assessments, and other evidence bearing on Davidson's ability to work. Prudential nevertheless gave Davidson multiple opportunities to supplement the record. Thus, if Davidson believed the evidence he now offers was necessary for Prudential to make a proper benefits determination, Davidson should have obtained this evidence and submitted it to Prudential. Having failed to do so, Davidson's offer of additional evidence at this point amounts to nothing more than a last-gasp attempt to quarrel with Prudential's determination that he is capable of gainful employment. We thus reject Davidson's contention that the district court abused its discretion in refusing to either consider the additional evidence or remand the case to the plan administrator.

Davidson nonetheless contends the administrative record shows he is totally disabled under the terms of the policy and the plan administrator wrongly denied him continuing LTD benefits. We disagree. Five medical doctors independently examined Davidson, including three general practitioners, a neuro-surgeon, and a neuro-psychiatrist. Although Davidson complained of atrophy of his left arm, reduced vision in one eye, and periodic seizures, the only restrictions any of these professionals placed on Davidson is that he not work around moving machinery or drive an automobile. Furthermore, the vocational expert who interviewed Davidson witnessed Davidson moving a refrigerator on the day the expert went to Davidson's home, and

Davidson later stated he felt "strong as ever." The vocational expert also reported Davidson's primary source of exercise comes through farm work, and that farm work and coyote hunting comprise Davidson's favorite pastimes. After interviewing Davidson and reviewing Davidson's background, the vocational expert indicated Davidson lacked ambition to return to work unless, as Davidson put it, he could "find something he really liked." The vocational expert nevertheless concluded Davidson was suited to perform a number of jobs available within the local community. Davidson's employability is confirmed by the fact that Davidson was offered, but turned down, an opportunity to work in an electronics repair business. Based on this record, we conclude Davidson failed to carry his burden of proving he is unable to "engage in any and every gainful occupation for which he is reasonably fitted by education, training or experience" as the policy terms require. *See Miller v. Metropolitan Life Ins. Co.*, 925 F.2d 979, 985–86 (6th Cir.1991) (policy terms may place burden of proving continuing disability on claimant).

■ Finally, Davidson contends Prudential failed to give him adequate notice his claim was denied and a full and fair review of the decision as required by ERISA. *See* 29 U.S.C. § 1133; 29 C.F.R. § 2560.503–1(f), (g). This contention lacks merit. In *Richardson v. Central States, S.E. & S.W. Areas Pension Fund*, 645 F.2d 660, 665 (8th Cir.1981), we held ERISA's notice requirement obligates plan administrators "to set out in opinion form the rationale supporting [the decision to deny benefits] so [claimants] could adequately prepare … for any further administrative review, as well as an appeal to the federal courts." In this case Prudential kept Davidson well apprised of his claim's progress. Prudential reviewed Davidson's claim each time Davidson requested and repeatedly told Davidson the reason for the denial. Although the initial denial letters Davidson received were cursory in nature and alone would not satisfy *Richardson*, the final two letters Prudential sent Davidson contained detailed explanations of Prudential's decision to deny Davidson continuing LTD benefits. Combined with the many earlier letters and phone calls between Prudential and Davidson, these final two letters ensured Davidson had adequate notice of why his claim was denied, how to seek review of the decision, and what additional information would assist in the review process. *See id.; Madden v. ITT Long Term Disability Plan*, 914 F.2d 1279, 1286 (9th Cir. 1990), *cert. denied*, —— U.S. ——, 111 S.Ct. 964, 112 L.Ed.2d 1051 (1991). Thus, we conclude Prudential gave Davidson adequate notice under ERISA.

■ Likewise, we believe Prudential's painstaking attention to Davidson's claim in this case satisfied ERISA's "full and fair review" requirement. 29 U.S.C. § 1133(2); *see also* 29 C.F.R. § 2560.503–1(g). Prudential notified Davidson long before the initial · twenty-four month benefit period ended that his claim would be reviewed and he would have to meet a stricter standard of disability to remain eligible for benefits. Prudential nonetheless continued to pay benefits beyond this period to ensure Davidson's request for continuing LTD benefits received thorough consideration. After the LTD benefits had been terminated, Prudential reinstated the benefits retroactively to again review Davidson's claim in light of additional evidence Davidson submitted. After reviewing this evidence Prudential denied Davidson's claim, but informed Davidson he could again seek reconsideration of the decision. Although Davidson submitted no additional evidence, Prudential reviewed Davidson's claim at least three times on Davidson's request, and each time told Davidson the reason for the denial. We agree with the district court that "[t]he administrative [review] process must end at some point," and in this case "[Davidson] has not been denied the opportunity for [a full and fair] review."

Accordingly, we affirm.