804 F.Supp. 1141 (1992)
Joan J. WEBER, Plaintiff,
v.
ST. LOUIS UNIVERSITY, Defendant.
No. 89-1753 C (5).
United States District Court, E.D. Missouri, E.D.
October 14, 1992.
*1142 Clyde E. Craig and Brian Spector, St. Louis, Mo., for plaintiff.
F. Douglas O'Leary, Moser & Marsalek, St. Louis, Mo., for defendant.

MEMORANDUM
LIMBAUGH, District Judge.
Plaintiff, Joan J. Weber, brought this action against her former employer, St. Louis University (University) after it denied her disability pension benefits. Plaintiff has filed a complaint against the University under the Employee Retirement Income Security Act of 1974, as amended, (ERISA), 29 U.S.C. § 1132. Plaintiff seeks contributions to the pension fund and attorney's fees. This matter is before the Court on the cross-motions for summary judgment of the parties.

I. SUMMARY JUDGMENT STANDARD OF REVIEW
Courts have repeatedly recognized that summary judgment is a harsh remedy that should be granted only when the moving party has established his right to judgment with such clarity as not to give rise to controversy. New England Mut. Life Ins. Co. v. Null, 554 F.2d 896, 901 (8th Cir. 1977). Summary judgment motions, however, "can be a tool of great utility in removing factually insubstantial cases from crowded dockets, freeing courts' trial time for those that really do raise genuine issues of material fact." Mt. Pleasant v. Associated Elec. Coop. Inc., 838 F.2d 268, 273 (8th Cir.1988).
Pursuant to Fed.R.Civ.P. 56(c), a district court may grant a motion for summary judgment if all of the information before the court demonstrates that "there is no genuine issue as to material fact and the moving party is entitled to judgment as a matter of law." Poller v. Columbia Broadcasting System, Inc., 368 U.S. 464, 467, 82 S.Ct. 486, 488, 7 L.Ed.2d 458 (1962). The burden is on the moving party. Mt. Pleasant, 838 F.2d at 273. After the moving party discharges this burden, the nonmoving party must do more than show that there is some doubt as to the facts. Matsushita Elec. Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S.Ct. 1348, 1355, 89 L.Ed.2d 538 (1986). Instead, the nonmoving party bears the burden of setting forth specific facts showing that there is sufficient evidence in its favor to allow a jury to return a verdict for it. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986).
In passing on a motion for summary judgment, the court must review the facts in a light most favorable to the party opposing the motion and give that party the benefit of any inferences that logically can be drawn from those facts. Buller v. Buechler, 706 F.2d 844, 846 (8th Cir.1983). The court is required to resolve all conflicts of evidence in favor of the nonmoving party. Robert Johnson Grain Co. v. Chem. Interchange Co., 541 F.2d 207, 210 (8th Cir.1976). With these principles in mind, the Court turns to an examination of the facts.

II. FACTS
Plaintiff Joan J. Weber was a graduate student at St. Louis University, St. Louis, Missouri, in the School of Business and Administration from September 1981 until May 1984 when she received a master's degree in business administration.
Plaintiff was employed by the University in the Small Business Development Center (SBDC) from June 1, 1982 to September 30, 1986. Plaintiff was a part time employee from June 1, 1983 through May 6, 1984, working a minimum of 20 hours per week. Plaintiff was a full time employee from May 7, 1984 through September 30, 1986, working a minimum of 38 hours per week. While employed by the University's SBDC, plaintiff received numerous promotions.
The University originally hired plaintiff on June 1, 1983 as an "MBA assistant" to *1143 work at the SBDC on a part time basis. Plaintiff signed a Memorandum of Agreement for "assistants." The Agreement distinguished assistants from graduate assistants appointed by the Graduate Dean. As an assistant, plaintiff's duties included consulting with and advising small businesses.
On January 1, 1984, plaintiff was promoted to the position of Special Consultant for the SBDC. In that position, plaintiff continued to consult with and advise small businesses while assuming additional administrative responsibilities.
On May 7, 1984, plaintiff was promoted to a full time position of Director of Consultation Services for the SBDC. Plaintiff continued to consult with and advise small businesses, while coordinating the provision of consultation services provided to small businesses.
On May 1, 1985, plaintiff was promoted to the position of Director for the SBDC. As Director, plaintiff continued to consult with and advise small businesses, while managing the SBDC.
The University sponsored the St. Louis University Standard Teachers Insurance and Annuity Association/College Retirement Equities Fund (TIAA/CREF) Retirement Annuity Plan (Plan). The Plan is a contribution retirement plan funded through the purchase of annuity contracts from the TIAA and the CREF.
The Plan provides that the University is the sponsor and administrator of the Plan. Claims for benefits were made to the University and processed by TIAA. TIAA made the determination of whether a claimant was entitled to benefits, but the University could override that conclusion.
The Plan provides:
The following persons may apply to become participants in the Plan:
1. All full time employees;
. . . . .
3. All regular part time, nonfaculty employees who accrue 1,000 or more Hours of Service ... during the Plan Year.
. . . . .
The University will begin making matching contributions to accounts of recorded participants on the 1st day of the month following the attainment of age 25 years, and completion of 3 years of continuous service....
Plan at Section I(B). In addition, the Plan required one desiring to become a participant to complete TIAA/CREF application forms; complete three years of continuous service, and attain the age of 25.
The Plan provided for Total Disability Benefits. The monthly income benefit paid an insured a percentage of their monthly base salary with certain adjustments. The monthly waiver benefit credited monthly payments to all TIAA annuity contracts and CREF certificates on which, when total disability began, periodic premiums were being paid.
Plaintiff submitted application forms for the Plan to the University on February 21, 1986. An annuity contract to participate in the Plan was issued to plaintiff on April 1, 1986. Plaintiff also received a copy of the University Long Term Disability Program. On May 31, 1986, plaintiff had completed three years of continuous service and had attained the age of 25.
In February 1986, some of SBDC employees noticed plaintiff acting "strangely." She became unpredictable. Often, she came into the office late and left early. She would engage in "shouting matches" with other employees, which she had not done previously. As a result, employees in the SBDC began to "walk on eggshells" when plaintiff was in the office.
In May 1986, Fred Hale, the State Director of SBDCs notified plaintiff that because of reorganization, her position would be eliminated and her contract would not be renewed after September 30, 1986. Plaintiff continued to work at the SBDC through September 30, 1986.
On July 12, 1988, plaintiff submitted a claim form stating she had been disabled since May 15, 1986. In support of her claim, plaintiff attached a Social Security letter indicating that she was found to be disabled as of May 15, 1986.
*1144 On September 8, 1988, plaintiff received a letter from TIAA/CREF which informed her that her group total disability benefits had been approved. The letter also informed her that the Plan also provided a monthly waiver benefit, and that $303.24 would be remitted each month for April 1987 through September 1988 and each month thereafter during total disability. TIAA determined that plaintiff was disabled as of September 29, 1986.
The University objected to TIAA's disability determination on the basis that plaintiff had not met the years of service requirement. Subsequently, on September 19, 1988, plaintiff received another letter from TIAA/CREF. This letter informed her that she was not eligible for the monthly waiver benefit because TIAA/CREF had been notified that she did not complete the years of service requirement with St. Louis University prior to the commencement of her disability. At that time, TIAA/CREF stated the date of commencement of plaintiff's disability was September 29, 1986. The University did not otherwise challenge plaintiff's disability.
Plaintiff has received disability benefits from TIAA/CREF from April 1987 to the present, but TIAA/CREF has not paid the monthly waiver benefit. Defendant now concedes plaintiff was entitled to "matching contributions" under the plan from June of 1986 to September of 1986, but defendant argues that plaintiff is not entitled to the monthly waiver benefit because plaintiff did not become disabled at a time that would entitle her to that benefit.

III. ANALYSIS
This Court has subject matter jurisdiction of this case pursuant to the provisions of the Employee Retirement Income Security Act, 29 U.S.C. §§ 1001, et seq. Venue is proper in this Eastern Division of the Eastern District of Missouri as plaintiff was employed by defendant in St. Louis, Missouri and the transactions that are the basis of this lawsuit took place in this division.
Plaintiff was an employee and participant with the meaning of the ERISA. 29 U.S.C. §§ 1002(6), (7) and 1132.
The University is an employer under ERISA. 29 U.S.C. § 1002(5).
The St. Louis University Standard TIAA/CREF Retirement Annuity Plan is an employee benefit plan as defined in ERISA, 29 U.S.C. §§ 1001 et seq., and is subject to the provisions of ERISA. The University sponsored, financed and administered the plan.
Plaintiff's claim for benefits under the plan is governed by § 502(a)(1)(B) of ERISA, 29 U.S.C. § 1132(a)(1)(B). Title 29 U.S.C. § 1132(a)(1)(B) provides:
A civil action may be brought by a participant or beneficiary to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan.
This section provides the exclusive remedy for a person claiming benefits under a plan within ERISA. Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987).

A. Denial of Benefits

The resolution of this case turns on whether the decision to deny plaintiff benefits under the plan was in violation of the terms of the Plan.
As stated in the September 18, 1988 letter to plaintiff, the reason the University denied the monthly waiver benefit to plaintiff was that she did not complete the years of service requirement with St. Louis University prior to the commencement of her disability. The University concluded that plaintiff had not met the years of service requirement because she was an MBA assistant for six months until January 1984 and had not completed three years service as a regular employee to be eligible under the Plan at the time she left on September 30, 1986.
The University now concedes, however, that the time plaintiff worked as an MBA assistant must be included in determining her eligibility. See Defendant's Memorandum in Response to Plaintiff's Motion for Summary Judgment and In Support of *1145 Defendant's Motion for Summary Judgment (June 21, 1991). With that time, her eligibility requirements would have been completed on June 1, 1986. The University also concedes that plaintiff would be entitled to benefits under the University's Plan beginning June 1, 1986. Id. That would entitle plaintiff to "matching contributions" to amounts she was contributing for four months from June 1986 through September 1986.
The University's counterclaim in this action, filed May 30, 1990, asserts, however, that plaintiff did not become disabled at a time which would entitle her to the monthly waiver benefit. The University argues that plaintiff was disabled either as of May 15, 1986  before she was eligible for benefits, or after September 30, 1986  when she left the employ of the University. In support of this argument, the University sought discovery from plaintiff regarding when her disability did, in fact, occur.[1]
The first question is what degree of deference, if any, the Court owes to the University's interpretation of whether plaintiff was entitled to benefits under the Plan.
Before Firestone Tire and Rubber Co. v. Bruch, 489 U.S. 101, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989), a court reviewing the denial of ERISA benefits employed the arbitrary and capricious standard. Johnson v. Enron Corp., 906 F.2d 1234, 1237 (8th Cir.1990). In Firestone, however, the Supreme Court held that "a denial of benefits challenged under § 1132(a)(1)(B) of ERISA is to be reviewed under a de novo standard unless the benefits plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." Firestone, 489 U.S. at 113, 109 S.Ct. at 956. The standard of review of the University's interpretation is de novo unless the Plan provides otherwise. If the benefit plan gives the administrator or fiduciary discretionary authority, then the Court may review the benefit determination under the arbitrary and capricious standard. Lakey v. Remington Arms Co., 874 F.2d 541, 544 (8th Cir.1989).
ERISA provides that the administrator is the person specifically designated as such under the Plan and if no one is designated, then the sponsor of the Plan is the administrator. The Plan expressly states that the University is the administrator and the sponsor of the Plan. The University does not dispute this.
The language of the Plan does not give the administrator of the Plan discretionary authority. Further, as noted above, the University has abandoned its original reason for denying plaintiff's benefits and now concedes that plaintiff, in fact, did meet the years of service requirement for benefits. The University has offered a new reason in its counterclaim. Therefore, the Court must employ de novo review of the University's decision.

[N]o plan can provide discretion to deny benefits for reasons identified only years after the fact. ERISA requires that "every employee benefit plan shall provide adequate notice in writing to any participant ... whose claim for benefits under the plan has been denied, setting forth the specific reasons for such denial" 29 U.S.C. § 1133; see also 29 C.F.R. § 2560.503-1(e), (f) (specifying a 90-day period for the plan to provide notice containing the reasons for a denial of benefits).... This Court would emasculate ERISA's disclosure requirement if it were to defer to reasons that the [employer] first identified on appeal in the District court, years after the decision at issue. No plan can authorize such a result, so Firestone requires that we review the [employer's] decision de novo. *1146 Matuszak v. Torrington Company, 927 F.2d 320, 322-23 (7th Cir.1991) (emphasis in original).
The question for the Court is whether plaintiff was entitled to benefits under the Plan. Defendant asks the Court to consider new evidence beyond that available to the administrator at the time the decision to deny benefits was made. Defendant seeks further discovery to determine when plaintiff became disabled. Under the arbitrary and capricious standard of review, the Court reviews only those facts available to the plan administrator at the time of his decision to determine whether the administrator's actions were supported by substantial evidence and that there was no abuse of discretion. Steever v. Bristol-Myers Co., 727 F.Supp. 986, 989 (D.Md.1989). With de novo review, a court reviews the employee's claim by looking to the plan and other manifestations of the parties' intent.
There is a split in the circuits as to whether a district court conducting a de novo review of an ERISA plan administrator's benefits determination may consider evidence that was not part of the administrative record, or alternatively, direct the administrator to develop the record further. Compare Luby v. Teamsters Health, Welfare & Pension Trust Funds, 944 F.2d 1176, 1184-85 (3d Cir.1991) (holding new evidence may be presented to district court conducting a de novo review); Moon v. American Home Assurance Co., 888 F.2d 86, 89 (11th Cir.1989) (same); Berry v. Ciba-Geigy Corp., 761 F.2d 1003, 1007 (4th Cir.1985) (holding remand proper if district court believes administrator lacked adequate evidence to make decision); Wolfe v. J.C. Penney Co., 710 F.2d 388, 394 (7th Cir.1983) (holding remand proper if administrator failed to develop critical evidence bearing on benefits determination) with Perry v. Simplicity Eng'g., 900 F.2d 963, 966-67 (6th Cir.1990) (holding de novo review does not require district court to consider evidence not presented to the plan administrator). The Eighth Circuit has not yet decided the issue. See Davidson v. Prudential Insurance Co., 953 F.2d 1093, 1095 (8th Cir.1992). The Court concludes that it would be unfair to permit the administrator to expand the scope of review beyond the facts available to him at the time the decision to deny benefits was made. Therefore, the court will limit the review to the facts that administrator considered at the time the decision to deny benefits was made.
As previously stated, the University was the administrator of the plan. TIAA reviewed the claims and made the initial determination that plaintiff was entitled to disability benefits under the Plan. The University then overrode that, based solely on its view that plaintiff had not met the years of the service requirement. The University now concedes that plaintiff did meet the years of service requirement, but claims that plaintiff did not become disabled at a time which would entitle her to the monthly waiver benefit. The University now states that only TIAA has the medical information supporting plaintiff's claim of disability. Accordingly, the information was not before the administrator when the decision to deny benefits was made. The University relied on TIAA's determination of the fact of disability and did not make an independent review of that conclusion. The Court believes it would be unfair to permit defendant to rely on TIAA's determination of disability, deny benefits on another basis, and only when defendant learns its basis for denial was unfounded to question TIAA's determination of disability. Therefore, the Court will not expand the scope of review beyond what was before the administrator (the University) at the time it denied benefits.
Accordingly,
The Court concludes that plaintiff has established both the absence of any genuine issues of material fact and that it is entitled to judgment as a matter of law. Therefore, plaintiff is entitled to summary judgment and plaintiff's motion for summary judgment will be granted. Defendant's motion for summary judgment will be denied.
NOTES
[1] The Court denied defendant's motion to compel discovery of plaintiff's medical records on the basis that the records were not relevant to the issue in this case: whether the administrator's decision to deny plaintiff benefits based on the evidence before him at the time the decision was made was in violation of the plan. Defendant also attempted to take plaintiff's deposition. Plaintiff's counsel filed a motion to quash, which the Court construed as a motion for protective order. Defendant responded and stated that it did not oppose plaintiff's motion. Accordingly, the Court granted plaintiff's motion.