**Jerry SCHEIDER, Plaintiff,**

v.

**LIFE INSURANCE COMPANY OF NORTH AMERICA, Defendant.**

**Civ. No. 92-5274 (CSF).**

United States District Court,
D. New Jersey.

May 4, 1993.

[redacted]

[redacted]

[redacted]

[redacted]

William J. McDonnell, Sayreville, NJ, for plaintiff.

K. Ruth Larson by Michael Furda, Edison, NJ, for defendant.

## OPINION

CLARKSON S. FISHER, District Judge.

This case is governed by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001–1461. Before the court is a motion brought by defendant, Life Insurance Company of North America, for an order limiting review in this matter to the record before the plan administrator and barring any evidence beyond that record. Plaintiff, Jerry Scheider, has submitted opposition to defendant's motion. The court has considered the parties' written submissions and the oral argument of counsel. For the reasons set forth below, defendant's motion is granted.

This matter arises out of a motor vehicle accident that occurred in October, 1985. As a result of that accident, plaintiff, Jerry Scheider, suffered a back injury which prevented him from returning to work at The Perkin–Elmer Corporation. Plaintiff applied for and received long-term disability benefits payable under Perkin–Elmer's disability plan. This plan was insured by defendant.

The plan provided plaintiff with disability benefit payments for twenty-four months while plaintiff was unable to return to work. The plan further provided that, subsequent to that twenty-four-month period, long-term disability payments would continue only if the beneficiary was "wholly and continuously prevented by such injury or sickness from engaging in any substantially gainful occupation or employment for which he is qualified or may reasonably become qualified...." *See* Exs. Constituting the Record Before the Administrator, Vol. 1, Ex. A. Plaintiff's petition for continued benefits under that provision was denied by the plan administrator. While numerous reviews were conducted, plaintiff's claim for long-term disability benefits was temporarily reinstated. Finally, on October 16, 1990, a letter was forwarded to plaintiff denying his claim for long-term disability payments.

By complaint filed August 28, 1991, plaintiff brought an action in state court seeking payment of benefits allegedly wrongfully denied. On December 9, 1992, this matter was removed to the United States District Court, District of New Jersey, pursuant to 29 U.S.C. § 1132(a)(1)(B) and 28 U.S.C. § 1331(a). Defendant filed its answer on January 26, 1993. Defendant then filed the motion which is the subject of this opinion. Defendant seeks to limit the record before the court to that which was reviewed by the plan administrator. In support of its motion, defendant has submitted the exhibits constituting the record before the administrator.

■ The Third Circuit has held that, "[i]f the record on review is sufficiently developed, the district court may, in its discretion, merely conduct a *de novo* review of the rec-

ord of the administrator's decision, making its own independent benefit determination." *Luby v. Teamsters Health, Welfare, and Pension Trust Funds,* 944 F.2d 1176, 1185 (3d Cir.1991).

The court has reviewed the exhibits constituting the record before the administrator. This record is sufficiently developed to allow the court to make a *de novo* review of the administrator's decision denying plaintiff long-term disability benefits. Plaintiff has been given the opportunity to provide the administrator with any and all documents supporting his position. Plaintiff has been examined by numerous physicians at both his and defendant's request. Both plaintiff and defendant have engaged employability experts to assist in evaluating plaintiff's claims. All of these expert reports constitute part of the record before the plan administrator.

■ Plaintiff makes two arguments in opposition to defendant's motion. First, plaintiff argues that defendant's reliance on *Luby* is misplaced. Plaintiff alleges that *Luby* stands "for the proposition that where expert medical testimony is the basis of the Administrator's determination, then clearly a trial *de novo,* with additional evidential material is appropriate." Pl.'s Br. in Opp. at 4. The court disagrees with this characterization of *Luby.* Although the denial of plaintiff's claim was essentially a fact-based determination, this does not require that the district court conduct a *de novo* evidentiary hearing or full trial *de novo. See Luby,* 944 F.2d at 1185. In fact, as the Third Circuit held in *Luby,* if the record on review is sufficiently developed, the district court may limit its review to the record before the administrator at the time the benefit decision was made. *Id.*

■ In the alternative, plaintiff argues that defendant's motion should be denied because the record below is not sufficiently developed. In support of this contention, plaintiff directs the court's attention to correspondence from defendant to four of its experts directing them on the standard to apply when evaluating plaintiff. *See* Pl.'s Br. in Opp. at 1. This correspondence instructs defendant's experts, among other things, to note whether plaintiff is "totally disabled,"

has a "total disability," and is "completely unable to perform any occupation from which he is reasonably suited by education, training, or experience." *See id.,* Exs. A–G.

Plaintiff contends that, based on these instructions, "there is a substantial question as to whether [defendant's experts] applied the proper standard of disability to Mr. Scheider." *Id.* at 4. If the experts followed these instructions, plaintiff argues, they "did not apply the standard articulated in the Policy of Insurance ... [and] the record before the Administrator is corrupted." *d.* The standard for long-term disability coverage, as plaintiff points out, is that the beneficiary be "wholly and continuously prevented by such injury or sickness from engaging in any substantially gainful occupation or employment for which he is qualified or may reasonably become qualified...." *See* Exs. Constituting the Record Before the Administrator, Vol. 1, Ex. A.

The court has reviewed, in full, the instructions at issue as well as the expert reports constituting the record before the administrator and concludes that a *de novo* evidentiary hearing or full trial *de novo* is not required. Although defendant's instructions to four of its experts refer to "total disability," these instructions, as well as the expert reports themselves, contain other language closely resembling the "substantial" and "gainful" standard required by the disability policy. Therefore, as the record before the administrator contained reports consistent with the standard articulated in the policy, plaintiff's request for "a trial *de novo* with additional evidential material, including examination and cross-examination of Defendant's experts and their reports placed before the Administrator ..." is denied. *See* Pl.'s Br. in Opp. at 4.

The facts of this case are quite similar to those in *Davidson v. Prudential Ins. Co. of America,* 953 F.2d 1093 (8th Cir.1992). In that case, a former employee brought an action under ERISA seeking review of a decision denying his claim for long-term disability benefits. The policy at issue provided that long-term disability benefits would be paid for twenty-four months, but after that

**194**

period the benefits would be paid only if plaintiff was " 'unable to engage in any and every gainful occupation for which he [was] reasonably fitted for by education, training or experience.' " *Id.* at 1094.

Defendant, Prudential Insurance Company of America ("Prudential"), denied plaintiff's request for continuing long-term disability payments. Plaintiff eventually filed suit, and contended that he should be allowed to re-open the record and submit additional evidence that was more favorable to him than the evidence considered by the administrator. *Id.* at 1095. The district court refused plaintiff's request. *Id.* The Eighth Circuit affirmed the lower court's decision. *Id.*

The court noted that "the administrative record is replete with medical reports, physician's statements, vocational assessments, and other evidence bearing on [plaintiff's] ability to work." *Id.* The court went on to state that defendant gave plaintiff "multiple opportunities to supplement the record." *Id.* Thus, the court concluded, "if [plaintiff] believed the evidence he now offers was necessary for Prudential to make a proper benefits determination, [he] should have obtained this evidence and submitted it to Prudential." *Id.*

Here, the record is no less complete than was the record at issue in *Davidson.* As a result, defendant's motion is granted and the record of review in this case is limited to that which was before the plan administrator. An order accompanies this opinion. No costs.

### ORDER

THIS MATTER having come before the court on motion brought by defendant, Life Insurance Company of North America, for an order limiting review in this matter to the record before the Plan Administrator and barring any evidence beyond that record; and the court having considered the parties' written submissions and the oral argument of counsel; and good cause having been shown,

IT IS on this 4th day of May, 1993,

ORDERED that defendant's motion be and hereby is granted.