Jerry RUTLEDGE, Plaintiff,

v.

**AMERICAN GENERAL LIFE AND ACCIDENT INSURANCE COMPANY, Defendant.**

Civ. A. No. 1:92CV124–S–D.

United States District Court,
N.D. Mississippi,
Eastern Division.

Dec. 20, 1994.

Talmadge D. Littlejohn, New Albany, MS, for plaintiff.

John S. Hill, Mitchell, McNutt, Threadgill, Smith & Sams, Tupelo, MS, for defendant.

*MEMORANDUM OPINION DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND STAYING CAUSE PENDING REVIEW UPON REMAND TO PLAN ADMINISTRATOR*

SENTER, Chief Judge.

This cause is before the court on the motion of the defendant for summary judgment, or alternatively, for partial summary judgment. This case is controlled by the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001, et seq. The plaintiff alleges that he has been wrongfully denied his long term disability benefits. The defendant argues that the plaintiff was no longer disabled as defined by the plan.

*SUMMARY JUDGMENT STANDARD*

On a motion for summary judgment, the court must ascertain whether there is a genuine issue of material fact. Fed.R.Civ.P. 56(c). This requires the court to evaluate "whether there is the need for a trial— whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). The United States Supreme Court has stated that "this standard mirrors the standard for a directed verdict ... which is that the trial judge must direct a verdict if, under the governing law, there can be but one reasonable conclusion as to the verdict. If reasonable minds could differ as to the import of the evidence, however, a verdict should not be directed." *Anderson*, 477 U.S. at 250–51, 106 S.Ct. at 2511 (citation omitted). Further, the Court has noted that the "genuine issue" summary judgment standard is very similar to the "reasonable jury" directed verdict standard, the primary difference between the two being procedural, not substantive. *Id.* at 251, 106 S.Ct. at 2511. "In essence ... the inquiry under each is the same: whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one

party must prevail as a matter of law." *Id.* at 251–52, 106 S.Ct. at 2511–12. "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff. The judge's inquiry, therefore, unavoidably asks whether reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict—'whether there is [evidence] upon which a jury can properly proceed to find a verdict for the party producing it, upon whom the onus of proof is imposed.'" *Id.* at 252, 106 S.Ct. at 2512 (citation omitted). However, "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, whether he is ruling on a motion for summary judgment or for a directed verdict. The evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255, 106 S.Ct. at 2513.

### FACTS

The plaintiff suffers from a chronic back injury he received as a result of a fall in 1986. He has undergone several surgeries, but allegedly continues to experience pain and reduced mobility. On April 4, 1989, the plaintiff, an employee of the defendant, became eligible for long term disability benefits pursuant to the terms and conditions of the American General Life and Accident Field Representatives' Long Term Disability Plan (hereinafter referred to as "the plan"). The plan provides for long term disability benefits. It defines total disability as an injury or sickness which:

> a. During the elimination period and the first 24 months of benefits prevents you from doing each of the main duties of your regular occupation; and
>
> b. After 24 months of benefits prevents you from doing each of the main duties of any occupation.

The plaintiff was paid long term disability benefits pursuant to the terms and conditions of the plan from February 22, 1989, through July 21, 1991. The plan requires periodic proof of disability.

In May of 1991, updated medical information pertinent to the plaintiff's physical condition and ability to perform the main duties of any occupation, as opposed to the main duties of his previous regular employment, was requested. Pursuant to that request, the plaintiff was examined by Dr. Thomas J. McDonald, a board certified neurosurgeon who had treated him previously. A copy of Dr. McDonald's report and opinions was reviewed by the defendant. Dr. McDonald stated in his report that in his opinion the plaintiff was not totally disabled and should be able to return to gainful employment. The plan administrator concluded that the plaintiff's condition did not prevent him from performing the duties of any occupation that his training, education, and experience would make available to him. Accordingly, the defendant found that the plaintiff was not disabled as defined in the plan.

The plaintiff appealed the findings and conclusions of the disability committee. He provided the committee with two reports from general practitioners, Dr. John W. McFadden and Dr. John M. Smoot. Additionally, the plaintiff delivered a copy of a report by Dr. Steven Hochshuler of the Texas Back Institute. Following the receipt of the medical reports submitted by plaintiff's counsel, the disability committee requested a functional capacity evaluation of the plaintiff. On December 30, 1991, the evaluation was conducted at the Industrial Work Center of the North Mississippi Medical Center by Dee Dee Lominick, occupational therapist. Upon reviewing all of this information, the defendant denied the plaintiff's appeal.

Under the terms and conditions of the plan, the defendant is the plan administrator. The plan provides that the plan administrator "shall have the full, exclusive, and final discretionary authority to exercise the powers conferred on it as plan administrator by the plan, including defining eligibility for benefits or construing plan terms."

### DISCUSSION

ERISA provides that "a fiduciary shall discharge his duties with respect to a plan solely in the interests of the participants and beneficiaries and ... in accordance with

the documents and instruments governing the plan." 29 U.S.C. § 1104(a)(1)(D). When a "benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan," courts are to accord substantial· deference to the interpretation which the administrator gave the employee benefit plan. *Firestone Tire & Rubber Co. v. Bruch,* 489 U.S. 101, 115, 109 S.Ct. 948, 956, 103 L.Ed.2d 80 (1989). The *Bruch* court's ruling has been read to provide de novo review only in circumstances when the plan does not designate the authority of the administrator regarding interpretations of the plan's terminology. The ERISA plan *sub judice* grants the administrator discretionary power when interpreting plan terms and making factual conclusions. Even if the plan did not do so, Fifth Circuit case law has held that courts are to give plan administrators wide discretionary powers in making factual determinations. *See Pierre v. Conn. Gen. Life Ins. Co.,* 932 F.2d 1552, 1559 (5th Cir. 1991) (court gives deference to factual determination made by administrator, unless an abuse of discretion); *Wildbur v. Arco Chemical Co.,* 974 F.2d 631, 642 (5th Cir.1992) (court should evaluate fact determinations under abuse of discretion whether or not plan grants discretion to administrator); *Southern Farm Bureau Life Ins. Co. v. Moore,* 993 F.2d 98, 101 (5th Cir.1993) (due deference to administrator's factual conclusions that reflect a reasonable and impartial judgment).[1]

## METHOD OF REVIEW

■■■ "Application of the abuse of discretion standard may involve a two-step process." *Wildbur v. Arco Chemical Co.,* 974 F.2d at 637. "First, the court must determine the [legally] correct interpretation of the Plan's provisions.... [Second,] [i]f the administrator has not given a plan the legally correct interpretation, the court must then determine whether the administrator's interpretation constitutes an abuse of discretion." *Jordan v. Cameron Iron Works, Inc.,* 900 F.2d 53, 56 (5th Cir.1990) (citations omitted). Both *Wildbur* and *Jordan* involved the review of an administrator's determination of eligibility as provided by the language of the plan. This case involves the review of the administrator's factual conclusion that the plaintiff was capable of performing the main duties of any occupation. The administrator was not required to interpret plan terms or the extent of coverage, but simply reviewed the compiled medical evidence in order to determine whether the plaintiff could work. This court cannot give the administrator's factual findings discretion and at the same time determine the legally correct interpretation of the plan as mandated by the first step. It would appear to the court that the two-part test articulated in *Jordan* is only applicable in situations when the reviewing court is called upon to evaluate an administrator's legal conclusions of the plan's ramifications, not, as here, when the court is reviewing factual findings. *See Jones v. SONAT, Inc.,* 997 F.2d 113, 115, 116 (5th Cir. 1993) ("In analyzing [the] Committee's interpretation of [the plan], we must first decide whether the Committee's interpretation of the plan was 'legally correct.' ").[2]

The defendant argues that the court is limited to the evidence before the administra-

**1.** In a footnote of *Wildbur v. ARCO Chemical Co.,* 974 F.2d 631, 635 n. 7 (5th Cir.1992), the Fifth Circuit states:

"Although our pre-*Firestone* decisions generally employed an 'arbitrary and capricious' vernacular, *e.g., Denton v. First National Bank of Waco,* 765 F.2d 1295, 1304 (5th Cir.1985), after *Firestone* we have usually described this more deferential alternative to de novo review as review under an 'abuse of discretion' standard. *See Jordan v. Cameron Iron Works, Inc.,* 900 F.2d 53, 56 n. 1 (5th Cir.1990). Nevertheless, both this court and district courts in this circuit have continued to use both terms to describe the same differential standard of review. *E.g. Penn v. Howe–Baker Engineers, Inc.,* 898 F.2d 1096, 1100 (5th Cir.1990). Although

we employ in this opinion what we describe as the abuse of discretion standard, we detect only a semantic, not a substantive, difference in this label and the 'arbitrary and capricious' label used in this case by the magistrate judge and district court."

**2.** The Fifth Circuit in *Duhon v. Texaco, Inc.,* 15 F.3d 1302 (5th Cir.1994), considered an administrator's denial of disability benefits as an interpretation of plan terms and not as factual conclusion. Similar to this case, the administrator had reviewed all of the medical evidence and determined that the claimant could perform the duties of any occupation with certain physical limitations. The issue argued before the *Duhon* court was that the administrator had not properly in-

tor when determining whether the administrator abused its discretion. Again, the distinction that the administrator made a factual finding and not a policy coverage or policy term interpretation is pertinent. The Fifth Circuit in *Wildbur* explained that the reviewing court was not limited to the administrative record when determining whether a plan administrator abused his discretion in making a benefit determination. The court continued:

> We have long held that in conducting review under an abuse of discretion standard, a district court should evaluate the administrator's fact findings regarding the eligibility of a claimant based on the evidence before the administrator, assuming that both parties were given an opportunity to present facts to the administrator.

*Wildbur,* 974 F.2d at 639 (emphasis added); *see also Southern Farm Bureau Life Ins. Co. v. Moore,* 993 F.2d 98, 102 (5th Cir.1993) ("... we may consider only the evidence that was available to the plan administrator in evaluating whether he abused his discretion in making the factual determination...." (emphasis added)).

The plaintiff has submitted a medical report of Dr. Bruce Senter, a board certified neurosurgeon located in Jackson, Mississippi. This evaluation was conducted in conjunction with surgery Dr. Senter performed on the plaintiff several months after the defendant had denied the plaintiff's administrative appeal. Dr. Senter performed an anterior and posterior fusion at L–4. The evaluation of Dr. Senter purports to show that the plaintiff is totally disabled and cannot perform the duties of any occupation. It has been offered to show that the administrator made a wrong decision.

Earlier, this court denied the defendant's motion in limine as to Dr. Senter's evaluation, but stated that at some point the motion may be appropriate. The plaintiff has since filed an amended complaint in order to articulate a claim of improper notice under 29

U.S.C. § 1133. Basically, the plaintiff is arguing that the notification that his benefits would be terminated did not sufficiently inform him that the defendant did not take seriously the medical evaluations of the general practitioners submitted by him. The plaintiff contends that the notice should have informed him in detail, as mandated by the regulations, that the evaluation of the neurosurgeon, which indicated that he was not disabled to the point of not being able to perform the duties of any occupation, had been given greater weight in the decision to deny his appeal of the termination of disability benefits. The plaintiff maintains that if he had been notified of this, he would have sought the evaluation of Dr. Senter earlier.

Section 1133 provides:

In accordance with regulations of the Secretary, every employee benefit plan shall—

> (1) provide adequate notice in writing to any participant or beneficiary whose claim for benefits under the plan has been denied, setting forth the specific reasons for such denial, written in a manner calculated to be understood by the participant, and

> (2) afford a reasonable opportunity to any participant whose claim for benefits has been denied for a full and fair review by the appropriate named fiduciary of the decision denying the claim.

29 U.S.C. § 1133(1), (2).

The regulations promulgated pursuant to 29 U.S.C. § 1133 provide:

(f) Content of notice. A plan administrator ... shall provide to every claimant who is denied a claim for benefits written notice setting forth in a manner calculated to be understood by the claimant:

> (1) The specific reason or reasons for the denial;

> (2) Specific reference to pertinent plan provisions on which the denial is based;

---

terpreted the terms "qualified" for "any" job. In essence Duhon argued that the administrator could not extrapolate from medical examination reports that he was "qualified" for any job. The court notes that the *Duhon* court did not apply the two-part test to determine whether the ad-

ministrator abused his discretion. *See Duhon,* 15 F.3d at 1310 (Johnson, Circuit Judge, dissenting) ("Fifth Circuit case law—which is binding on this Court—makes it abundantly clear that the application of the two-step process in plan-interpretation cases is mandatory.").

(3) a description of any additional material or information necessary for the claimant to perfect the claim and an explanation of why such material or information is necessary; and

(4) Appropriate information as to the steps to be taken if the participant or beneficiary wishes to submit his or her claim for review.

29 C.F.R. § 2560.503–1(f).

■ The Fifth Circuit has not had the opportunity to enunciate a bright line rule on how stringently 29 U.S.C. § 1133 and 29 C.F.R. § 2560.503–1(f) are to be followed. Clearly, in this case the defendant failed to abide by § 1133 or the corresponding regulations. The official notice of July 26, 1991, and the subsequent communications between the parties, submitted by the defendant to bolster the quantity of actual notice, are conclusory and provide no specifics of the denial or of the material that would assist in perfecting his claim.

The defendant has cited the court to *Madden v. ITT Long Term Disability Plan*, 914 F.2d 1279 (9th Cir.1990), and *Davidson v. Prudential Ins. Co. of America*, 953 F.2d 1093 (8th Cir.1992), for the proposition that the § 1133 and corresponding regulations should not be construed restrictively. Without much detail, the Ninth Circuit concluded in *Madden* that the notice was sufficient because it told the plaintiff that he was "totally disabled," how to appeal, and that he could submit additional medical reports. This is bare minimum and seems to fly in the face of giving a plan beneficiary a full and fair review. In *Davidson,* the Eighth Circuit found the initial denial letters cursory, but that the subsequent letters contained detailed explanations. "Combined with the many earlier letters and phone calls, these final two letters ensured Davidson had adequate notice of why his claim was denied, how to seek review of the decision, and what additional information would assist in the review process." *Id.* at 1096.

The plaintiff has cited *Wolfe v. J.C. Penney, Inc.*, 710 F.2d 388 (7th Cir.1983), and *Vanderklok v. Provident Life & Accident Ins. Co.*, 956 F.2d 610 (6th Cir.1992), as examples of cases that follow a strict compliance to the notice requirements of § 1133 and the regulations. In *Wolfe* the Seventh Circuit held the denial notification had missed "the section 1133 target." *Id.* 710 F.2d at 392. The *Wolfe* court opposed the denial letter which only informed Wolfe that he could supply "medical information" to support his claim. Identical to Jerry Rutledge, Wolfe had already supplied medical information, and the denial letter did not alert him specifically as to what medical evidence would assist his claim, as is required by the regulations. Additionally, an internal memorandum of the plan administrator set forth in detail the ground for denial and could have easily been made part of the notification. The defendant asserts the *Wolfe* court has been limited by *Donato v. Metropolitan Life Ins. Co.*, 19 F.3d 375 (7th Cir.1994). To the contrary, *Donato* supports the court's observation that adequacy of notice is fact orientated. In *Donato* the court concluded that the initial notice was insufficient but, like *Davidson,* subsequent communication adequately supplied the claimant with the necessary information. In *Vanderklok* the Sixth Circuit simply concluded that as a matter of law, the denial notice failed to meet the requirements of § 1133 and the regulations.

ERISA is an intricately designed statutory scheme enacted to provide for the safe, effective management of various types of health and retirement benefits and to protect the rights of employees thereunder. Section 1133 is a rather explicit unambiguous statement of procedure. This procedural guideline is not for the court to question, but to interpret and apply to the given factual circumstances of each case. This naturally leads to varying conclusions depending upon factual nuances. But this court cannot casually ignore or loosely interpret the congressional mandate set forth in § 1133. To remove one piece, no matter how small, of the ERISA mechanism could jeopardize the integrity of its functional capacity.

■ The defendant has recently filed a motion pursuant to Federal Rule of Civil Procedure 42(b) to bifurcate trial. The defendant argues that the court should submit the question of whether the plaintiff received

notice which satisfies the requirements of § 1133 and 29 C.F.R. § 2560.503–1(f) to the jury before determining whether the administrator abused its discretion in denying the plaintiff's appeal.[3] There is not a question of fact as to the notice the plaintiff received. Whether the notice received was adequate in accordance with § 1133 and the regulations is a question of law.[4] A decision to deny benefits under a plan covered by ERISA will be overturned when "(1) arbitrary and capricious, (2) not supported by substantial evidence, or (3) errors on a question of law." *See Bayles v. Central States, Southeast and Southwest Areas Pension Fund*, 602 F.2d 97, 99–100 (5th Cir.1979). The initial denial notice wholly failed to provide the plaintiff with the specific notice requirements set forth in 29 C.F.R. § 2560.503–1(f). Since the plaintiff was not given adequate notice, the plaintiff was denied a full and fair review under § 1133. *See Wildbur*, 974 F.2d at 639 ("... assuming that both parties were given an opportunity to present facts to the administrator."). Instead of this court accepting the evaluation by Dr. Senter, and reviewing the evidence of the plaintiff's disability, it is appropriate that this matter be remanded for further review by the plan administrator. *See Wolfe*, 710 F.2d at 394.

■ Although the plaintiff has requested actual and punitive damages, it is clear that 29 U.S.C. § 1132 of ERISA does not provide for the recovery of either punitive or extra-contractual compensatory damages. *See Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987); *Moffitt v.*

*Blue Cross & Blue Shield of Mississippi*, 722 F.Supp. 1391, 1394 (N.D.Miss.1989).

An ORDER shall be issued contemporaneously with this memorandum opinion.

## ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND STAYING CAUSE PENDING REVIEW UPON REMAND TO PLAN ADMINISTRATOR

In accordance with a memorandum opinion issued concurrently herewith, IT IS ORDERED:

That the defendant's motion for partial summary judgment is granted as to the issue of punitive damages; punitive damages are not recoverable in a cause of action controlled by ERISA;

That the defendant's motion for summary judgment as to all remaining issues is denied;

That the defendant's motion for a bifurcated trial is denied;

That this cause is stayed pending further review by the plan administrator, American General Life and Accident Insurance Company;

That this matter is remanded to the plan administrator for a full and fair review as mandated by ERISA, 29 U.S.C. § 1001, et seq.

SO ORDERED.

---

3. This case is controlled by ERISA. Only in rare circumstances is there a jury in an ERISA case. Since the court is staying the cause and remanding it for further consideration by the plan administrator due to the inadequacy of the denial notice, there is no reason for the court to address this issue. If the cause returns to the court, the parties are instructed to be prepared to brief the court on this matter.

4. In *Moore v. Philip Morris Companies, Inc.*, 8 F.3d 335 (6th Cir.1993), the appellate court reviewed an issue not raised in the district court only because "the issue present[ed] only a question of law." *Id.* at 342. The issue was whether the notice given to an employee required by 29 U.S.C. § 1022, an analogous ERISA notice provision, satisfied the regulation promulgated pursuant to that statute. *See Wolfe*, 710 F.2d at 393

("We view Prudential's procedural error as a significant error on a question of law, erroneously interpreting and applying section 1133."); *United Retail & Wholesale Emp. v. Yahn & McDonnell*, 787 F.2d 128 (3rd Cir.1986) (adequacy of notice is a question of law) (case under Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. § 1381 et seq.); *Palmco Corp. v. American Airlines, Inc.*, 983 F.2d 681, 685 (5th Cir.1993) ("... notice ... is a matter of law based upon the undisputed facts of this case.") (contractual notice of breach after acceptance of tender) *see also Madden*, 914 F.2d at 1286 ("We conclude that the adequacy of Metropolitan's notice to Madden regarding the provision of further medical information to support his benefit claim is not a disputed material fact.").