**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 21-1818**

_____

PARAMOUNT SHAW,

             Plaintiff - Appellant,

        v.

UNITED MUTUAL OF OMAHA LIFE INSURANCE COMPANY OF AMERICA,

             Defendant - Appellee.

_____

Appeal from the United States District Court for the District of South Carolina, at Greenville.  Joseph Dawson, III, District Judge.  (6:19-cv-03537-JD)

_____

Submitted:  August 5, 2022                     Decided:  August 16, 2022

_____

Before GREGORY, Chief Judge, NIEMEYER, Circuit Judge, and TRAXLER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:** La'Keabian Henderson, THE SHAW LEGAL GROUP LLC, Simpsonville, South Carolina, for Appellant.  Matthew D. Patterson, NELSON MULLINS RILEY & SCARBOROUGH, LLP, Columbia, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Paramount Shaw appeals from the district court's order granting United Mutual of Omaha Life Insurance Company's motion for judgment on the pleadings in Shaw's suit pursuant to the Employment Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001. United determined that it could not properly review Shaw's claim without further documentation, which Shaw failed to provide. The district court found that United's ruling was reasonable. We affirm.

Where, as here, an ERISA plan grants an administrator discretion to award a benefit, judicial review of the administrator's decision is for abuse of discretion. *See Fortier v. Principal Life Ins. Co.*, 666 F.3d 231, 235 (4th Cir. 2012). "Judicial review of an ERISA administrator's decision for abuse of discretion requires us primarily to determine whether the decision was reasonable, a determination that is informed by" the nonexhaustive list of factors the Court set forth in *Booth v. Wal-Mart Stores, Inc. Assocs. Health & Welfare Plan*, 201 F.3d 335, 342-43 (4th Cir. 2000). *See Griffin v. Hartford Life & Accident Ins. Co.*, 898 F.3d 371, 381 (4th Cir. 2018). In addition to considerations concerning the language of the plan, the materials consulted in reaching the decision, and the consistency of the interpretation of the plan, these factors include "whether the decision was consistent with the procedural and substantive requirements of ERISA." *Fortier*, 666 F.3d at 235. Ultimately, though, "to be held reasonable, the administrator's decision must result from a deliberate, principled reasoning process and be supported by substantial evidence," *Griffin*, 898 F.3d at 381 (brackets and internal quotation marks omitted); that is, evidence "[that] a

2

reasonable mind might accept as adequate to support a conclusion," *Pearson v. Colvin*, 810 F.3d 204, 207 (4th Cir. 2015) (internal quotation marks omitted).

United denied Shaw's claim for benefits due to Shaw's failure to provide requested medical documentation. The policy explicitly stated that the failure to provide "information needed to prove loss" could invalidate or reduce a claim and that "supporting information" may be "required." The policy's requirement that the claimant prove his disability is appropriate. *See Davidson v. Prudential Ins. Co.*, 953 F.2d 1093, 1096 (8th Cir. 1992).

On appeal, Shaw does not offer any excuse for his failure to provide the requested materials. He does not state that he objected to the requests on any basis, sought a waiver, or otherwise discussed with United the necessity of the documents it was requesting. Instead, he asserts that United was requesting irrelevant information and had sufficient evidence to conclude that he was entitled to benefits. Plan administrators may not impose unreasonable requests for medical evidence. *Miles v. Principal Life Ins. Co*., 720 F.3d 472, 488 (2d Cir. 2013).

However, here, the scope of United's request is irrelevant given that Shaw and his attorney did not object to the requests and did not assert any basis for his failure to respond. *See Allison v. UNUM Life Ins. Co.*, 381 F.3d 1015, 1024 (10th Cir. 2004). Had Shaw made a clear objection, United could have examined whether the records were necessary and documented its ruling on the issue. However, given that Shaw simply ignored repeated requests initially and on appeal, we find that United's determination that it had insufficient records to determine disability was reasonable.

Finally, Shaw argues that United labored under a conflict because it both evaluated and paid the benefits at issue. United's dual role as plan administrator, authorized to determine the amount of benefits owed, and insurer, responsible for paying such benefits, creates a structural conflict of interest. *See Met. Life Ins. Co. v. Glenn*, 554 U.S. 105, 114-15 (2008). While not altering the standard of review itself, the existence of a conflict of interest is a factor to be considered in determining whether a plan administrator has abused its discretion. *Id.* at 115. However, this factor is only significant if the plaintiff points to "evidence of how the conflict of interest affected the interpretation made by the administrator." *Fortier v. Principal Life Ins. Co.*, 666 F.3d 231, 236 n.1 (4th Cir. 2012). Here, Shaw has not cited to any evidence showing a history of biased decisions or that a conflict influenced United's determination. Shaw contends only that United made excessive requests for supporting evidence in order to make it difficult for Shaw to comply. However, given that United followed up numerous times and reduced the documents required on appeal, that Shaw never objected or informed United that the requests were burdensome or over-reaching, and that Shaw never reinstated a medical release permitting United itself to obtain the documents it required, there is simply no evidence that United's conflict affected its interpretation of the plan.

Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

4