United States Court of Appeals,

Fifth Circuit.

No. 92-3687

Summary Calendar.

John Morsel JONES, Plaintiff-Appellee,

v.

SONAT, INC. MASTER EMPLOYEE BENEFITS PLAN ADMINISTRATIVE COMMITTEE, Defendant-Appellant.

Aug. 10, 1993.

Appeal from the United States District Court for the Eastern District of Louisiana.

Before REAVLEY, HIGGINBOTHAM and EMILIO M. GARZA, Circuit Judges.

REAVLEY, Circuit Judge:

Defendant-Appellant SONAT Inc. Master Employee Benefits Plan Administrative Committee (the SONAT Committee) appeals from a judgment it wrongfully set off the proceeds of a Jones Act settlement against benefits owed to Plaintiff-Appellee John M. Jones under the SONAT Inc. Disability Plan (the SONAT Plan). We affirm.

## I. BACKGROUND

Jones was injured while in the course and scope of his employment for Southern Natural Gas Co. (SONAT). As a result of his injury, Jones was totally and permanently disabled for purposes of the Louisiana Workers' Compensation Act (LWCA), LA.REV.STAT.ANN. § 23:1021 *et seq.,* social security disability benefits, and § 1.24 of the SONAT Plan.

Pursuant to § 3.01 of the SONAT Plan, the parties stipulated that Jones was entitled to a plan benefit of $805.66 per month, subject to any setoff under § 3.04. Under § 3.04, any plan benefits to which Jones was entitled would be further reduced by the full amount of any "payment for disability" he received under the LWCA or other worker's compensation scheme "or any legislation of similar purpose, which payment arises as a result of a disability."

Jones collected compensation under the LWCA at the maximum rate of $1,135.33 per month from shortly after the date of injury to May 24, 1989. Jones's combined LWCA and social security

benefits exceeded his entitlement under the SONAT Plan until May 24, 1989; therefore, he received no plan benefits during that period.

On August 16, 1988, Jones sued SONAT under the Jones Act, 46 U.S.C.App. § 688, claiming that his injuries were due to SONAT's negligence. In April 1989, prior to trial of the Jones Act claim, the parties settled, *specifically excluding any claims arising out of his employee benefits plans.* The settlement of $260,000.00 (not counting $30,000.00 to Jones's wife for loss of consortium) has an actuarial monthly value of $1,135.33 per month.

After Jones's entitlement to LWCA benefits expired in May 1989, he did not receive any additional benefits from the SONAT Plan. Jones appealed his denial of benefits to the SONAT Committee. The Committee determined that the full amount of the settlement should be set off, under § 3.04 of the plan, against Jones's plan benefits. Jones then brought this present suit, challenging the SONAT Committee's denial of his Plan benefits.

The district court held that the SONAT Committee had abused its discretion in deciding to set off the Jones Act settlement against the benefits due Jones under the SONAT Plan. The district court ordered the SONAT Plan to pay Jones $805.66 per month from May 25, 1989 until Jones reaches age 65.

## II. DISCUSSION

Because Jones's action is brought under 29 U.S.C. § 1132(a)(1)(B), we review *de novo* the district court's judgment. *Godwin v. Sun Life Assurance Co. of Canada,* 980 F.2d 323, 329 (5th Cir.1992). The Supreme Court has held that

> a denial of benefits challenged under § 1132(a)(1)(B) is to be reviewed under a *de novo* standard *unless* the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan.... Of course, if a benefit plan gives discretion to an administrator or fiduciary who is operating under a conflict of interest, that conflict must be weighed as a "facto[r] in determining whether there is an abuse of discretion."

*Firestone Tire & Rubber Co. v. Bruch,* 489 U.S. 101, 115, 109 S.Ct. 948, 956-57, 103 L.Ed.2d 80 (1989) (quoting RESTATEMENT (SECOND), TRUSTS § 187 cmt. d (1959)) (emphasis added). The parties do not dispute that the SONAT Committee, as administrator of the SONAT Plan, (1) had "discretionary authority ... to construe the terms of the plan," and (2) was "operating under a possible

or actual conflict of interest." Therefore, our task is to ascertain whether the SONAT Committee abused its discretion by denying Jones his SONAT Plan benefits under § 3.04 of the plan. *Wildbur v. ARCO Chem. Co.,* 974 F.2d 631, 636 (5th Cir.1992); *Kennedy v. Electricians Pension Plan, IBEW # 995,* 954 F.2d 1116, 1121 (5th Cir.1992).

A. "LEGAL CORRECTNESS."

In analyzing the SONAT Committee's interpretation of § 3.04, we must first decide whether the Committee's interpretation of the plan was "legally correct." *Jordan v. Cameron Iron Works, Inc.,* 900 F.2d 53, 56 (5th Cir.), *cert. denied,* 498 U.S. 939, 111 S.Ct. 344, 112 L.Ed.2d 308 (1990). Factors to be considered in making this decisions are (1) whether the SONAT Committee has uniformly construed § 3.04 in the past; (2) whether the Committee's interpretation of § 3.04 in Jones's case is consistent with a fair reading of the Plan; and (3) whether the interpretation results in any unanticipated costs. *See id.; accord Wildbur,* 974 F.2d at 637-38.

While the SONAT Committee argues that it applied a setoff in the one prior instance—the "Ikerd case"—where a SONAT employee had received a settlement similar to Jones's, there is some disagreement as to the similarity between Ikerd's and Jones's claims against SONAT. There was also testimony before the district court that the Committee would not set off tort settlements achieved by SONAT employees injured in automobile accidents—casting serious doubt on their contention that one purpose of their interpretation of § 3.04 was to "achieve parity between onshore and offshore workers"—or employees who were injured by a third party (*i.e.,* not SONAT) and who got recovery from that third party.

Moreover, the Committee's decision fails the "fair reading" test. The SONAT Committee unfairly characterized Jones's settlement as a worker's compensation settlement, or one "pursuant to ... any other legislation of similar purpose," which would be covered by § 3.04. In the first place, Jones sued SONAT under the Jones Act, and the settlement was reached in that action. In the second place, the settlement included $30,000 for Mrs. Jones's loss of consortium claim which could only arise under the Jones Act. The record establishes that the settlement was a Jones Act settlement, and the SONAT Committee was "legally incorrect" in setting off the entire settlement against Jones's

SONAT Plan benefits.

B. ABUSE OF DISCRETION.

Having decided that the Committee's interpretation was "legally incorrect," we must next determine whether the Committee abused its discretion. *Wildbur,* 974 F.2d at 637. Mere error will not warrant supplanting the Committee's decisionmaking authority. *Kennedy,* 954 F.2d at 1124. We consider the following factors in assessing whether the Committee abused its discretion: (1) whether the Committee's interpretation is internally consistent with the remainder of the Plan; (2) whether the Committee's interpretation comports with any relevant regulations formulated by the appropriate administrative agencies; (3) whether the factual background supports the Committee's determination; and (4) any inferences of lack of good faith on the Committee's part. *See Wildbur,* 974 F.2d at 638.

Focusing on the question of lack of good faith, we are guided by the Eleventh Circuit's holding that

> [A] wrong but apparently reasonable interpretation is arbitrary and capricious if it advances the conflicting interest of the fiduciary at the expense of the affected beneficiary or beneficiaries unless the fiduciary justifies the interpretation on the ground of its benefit to the class of all participants and beneficiaries.

*Brown v. Blue Cross & Blue Shield of Alabama, Inc.,* 898 F.2d 1556, 1566-67 (11th Cir.1990), *cert. denied,* 498 U.S. 1040, 111 S.Ct. 712, 112 L.Ed.2d 701 (1991), *quoted with approval in Wildbur,* 974 F.2d at 638; *see also Lowry v. Bankers Life & Casualty Retirement Plan,* 871 F.2d 522, 525 n. 6 (5th Cir.) (describing a "sliding scale" judicial review of trustees' decisions for lack of good faith as being "more penetrating the greater ... the suspicion of partiality, less penetrating the smaller that suspicion"), *cert. denied,* 493 U.S. 852, 110 S.Ct. 152, 107 L.Ed.2d 111 (1989).

As the district court found, there is a significant potential conflict of interest here, since all members of the SONAT Committee at the time of Jones's claim denial were SONAT corporate officers. Furthermore, a complete setoff clearly advanced SONAT's conflicting interest—reducing benefit outlays from an unfunded employee welfare plan—at the expense of the affected beneficiary—Jones. Finally, the SONAT Committee fails to justify its decision in terms of greater benefit to the class of Plan participants and beneficiaries. We therefore conclude that the SONAT Committee did abuse its discretion in deciding to set off the full amount of Jones's settlement against

benefits due him under the SONAT Plan.

### III. CONCLUSION

We find that the SONAT Committee was legally incorrect and abused its discretion when it decided to set off the full amount of Jones's settlement against his SONAT Plan benefits.

AFFIRMED.