Jerry **RUTLEDGE**, Plaintiff,

v.

**AMERICAN GENERAL LIFE AND ACCIDENT INSURANCE COMPANY**, Defendant.

**Civil A. No. 1:92CV124–S–D.**

United States District Court, N.D. Mississippi, Eastern Division.

Feb. 8, 1996.

See also 871 F.Supp. 272.

Talmadge D. Littlejohn, New Albany, MS, for Plaintiff.

John S. Hill and William G. Armistead, Mitchell, McNutt, Threadgill, Smith & Sams, Tupelo, MS, for Defendant.

## OPINION

SENTER, Chief Judge.

This cause is before the court after conducting a nonjury trial at which both parties presented testimony and introduced depositions and documents for consideration by the court. This case is controlled by the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001, et seq. The plaintiff alleges that he has been wrongfully denied his long term disability benefits. The defendant argues that the plaintiff was no longer disabled as defined by the plan.

### FACTS

The plaintiff suffers from a chronic back injury he received as a result of a fall in 1986. He has undergone several surgeries, but allegedly continues to experience pain and reduced mobility. On April 4, 1989, the plaintiff, an employee of the defendant, became eligible for long term disability benefits pursuant to the terms and conditions of the American General Life and Accident Field Representatives' Long Term Disability Plan (hereinafter referred to as "the plan"). The plan provides for long term disability benefits. It defines total disability as an injury or sickness which:

    a. During the elimination period and the first 24 months of benefits prevents you

from doing each of the main duties of your regular occupation; and

b. After 24 months of benefits prevents you from doing each of the main duties of any occupation.

The plaintiff was paid long term disability benefits pursuant to the terms and conditions of the plan from February 22, 1989, through July 21, 1991. The plan requires periodic proof of disability.

In May of 1991, updated medical information pertinent to the plaintiff's physical condition and ability to perform the main duties of any occupation, as opposed to the main duties of his previous regular employment, was requested. Pursuant to that request, the plaintiff was examined by Dr. Thomas J. McDonald, a board certified neurosurgeon who had treated him previously. A copy of Dr. McDonald's report and opinions was reviewed by the defendant. Dr. McDonald stated in his report that in his opinion the plaintiff was not totally disabled and should be able to return to gainful employment. On July 21, 1991, the plan administrator concluded that the plaintiff's condition did not prevent him from performing the duties of any occupation that his training, education, and experience would make available to him. Accordingly, the defendant found that the plaintiff was not disabled as defined in the plan.

The plaintiff sought an appeal of the findings and conclusions of the disability committee. The appeal procedure as provided by the plan, allowed the plaintiff to submit evidence to the disability committee. He provided the committee with two reports from general practitioners, Dr. John W. McFadden and Dr. John M. Smoot. Additionally, the plaintiff delivered a copy of a report by Dr. Steven Hochschuler of the Texas Back Institute. Following the receipt of the medical reports submitted by plaintiff's counsel, the disability committee requested a functional capacity evaluation of the plaintiff. On December 30, 1991, the evaluation was conducted at the Industrial Work Center of the North Mississippi Medical Center by Dee Dee Lominick, occupational therapist. Upon reviewing all of this information, the defendant denied the plaintiff's appeal on February 10, 1992.

The plaintiff then filed this action. The plaintiff amended his complaint to include a claim for insufficient notice. Upon the motion of the defendant for summary judgment, the court remanded the cause to the plan administrator. The initial denial notice wholly failed to provide the plaintiff with the specific notice requirements set forth in 29 U.S.C. § 1133 and federal regulations at 29 C.F.R. § 2560.503–1(f). Since the plaintiff was not given adequate notice, he was denied a full and fair review under § 1133. *See Wildbur v. ARCO Chemical Co.*, 974 F.2d 631, 639 (5th Cir.1992) ("... assuming that both parties were given an opportunity to present facts to the administrator."). This matter was remanded in order for the plaintiff to be provided an opportunity for a full and fair review of the denial of the continuation of disability benefits.

By letter dated February 20, 1995, the defendant notified the plaintiff of the reasons for the decision to discontinue disability benefits. The plaintiff was given sixty days in which to perfect his appeal and to submit additional information supporting his claim of disability as of July 21, 1991. The plaintiff submitted a medical report of Dr. Bruce Senter, a board certified orthopedic surgeon located in Jackson, Mississippi. This evaluation was conducted in conjunction with surgery Dr. Senter performed on the plaintiff in early 1993 after the defendant had denied the plaintiff's administrative appeal. Dr. Senter performed an anterior and posterior fusion at L–4. The evaluation of Dr. Senter indicates that at that time at least the plaintiff was totally disabled and could not perform the duties of any occupation. It has been offered to show that the administrator made a wrong decision. Additionally, the plaintiff submitted letters and medical reports from other doctors to support his contention that he was disabled on July 21, 1991.

The defendant submitted to Dr. Thomas J. McDonald the following documents for his review and opinion:

a. The independent medical examination performed on May 14, 1991, by Dr. Thomas J. McDonald;

b. The functional capacity evaluation performed on December 30, 1991;

c. The evidence submitted by the plaintiff.

Dr. McDonald's opinion, dated May 11, 1995, concludes that the plaintiff "was not totally disabled." Upon this opinion, the defendant reaffirmed the July 21, 1991, decision to discontinue disability benefits. By order dated July 28, 1995, the stay was lifted and this cause was set for trial.

## METHOD OF REVIEW

■ ERISA provides that "a fiduciary shall discharge his duties with respect to a plan solely in the interests of the participants and beneficiaries and ... in accordance with the documents and instruments governing the plan." 29 U.S.C. § 1104(a)(1)(D). When a "benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan," courts are to accord substantial deference to the interpretation which the administrator gave the employee benefit plan. *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115, 109 S.Ct. 948, 956–57, 103 L.Ed.2d 80 (1989). The *Bruch* court's ruling has been read to provide de novo review only in circumstances when the plan does not designate the authority of the administrator regarding interpretations of the plan's terminology. Under the terms and conditions of the plan, the defendant is the plan administrator. The plan provides that the plan administrator "shall have the full, exclusive, and final discretionary authority to exercise the powers conferred on it as plan administrator by the plan, including defining eligibility for benefits or construing plan terms." The ERISA plan *sub judice* grants the administrator discretionary power when interpreting plan terms and making

factual conclusions. Even if the plan did not do so, Fifth Circuit case law has held that courts are to give plan administrators wide discretionary powers in making factual determinations. *See Pierre v. Conn. Gen. Life Ins. Co.*, 932 F.2d 1552, 1559 (5th Cir.1991) (court gives deference to factual determination made by administrator, unless an abuse of discretion); *Wildbur*, 974 F.2d at 642 (court should evaluate fact determinations under abuse of discretion whether or not plan grants discretion to administrator); *Southern Farm Bureau Life Ins. Co. v. Moore*, 993 F.2d 98, 101 (5th Cir.1993) (due deference to administrator's factual conclusions that reflect a reasonable and impartial judgment).[1]

■ A decision to deny benefits under a plan covered by ERISA will be overturned when (1) arbitrary and capricious, (2) not supported by substantial evidence, or (3) error on a question of law. *See Bayles v. Central States, Southeast and Southwest Areas Pension Fund*, 602 F.2d 97, 99–100 (5th Cir.1979). "Application of the abuse of discretion standard may involve a two-step process." *Wildbur*, 974 F.2d at 637. "First, the court must determine the [legally] correct interpretation of the Plan's provisions.... [Second,] [i]f the administrator has not given a plan the legally correct interpretation, the court must then determine whether the administrator's interpretation constitutes an abuse of discretion." *Jordan v. Cameron Iron Works, Inc.*, 900 F.2d 53, 56 (5th Cir. 1990) (citations omitted). Both *Wildbur* and *Jordan* involved the review of an administrator's determination of eligibility as provided by the language of the plan. This case involves the review of the administrator's factual conclusion that the plaintiff was capable of performing the main duties of any occupa-

---

1. In a footnote of *Wildbur*, 974 F.2d at 635 n. 7, the Fifth Circuit states:

   "Although our pre-*Firestone* decisions generally employed an 'arbitrary and capricious' vernacular, *e.g., Denton v. First National Bank of Waco*, 765 F.2d 1295, 1304 (5th Cir.1985), after *Firestone* we have usually described this more deferential alternative to de novo review as review under an 'abuse of discretion' standard. *See Jordan v. Cameron Iron Works, Inc.*, 900 F.2d 53, 56 n. 1 (5th Cir.1990). Neverthe-

   less, both this court and district courts in this circuit have continued to use both terms to describe the same differential standard of review. *E.g. Penn v. Howe–Baker Engineers, Inc.*, 898 F.2d 1096, 1100 (5th Cir.1990). Although we employ in this opinion what we describe as the abuse of discretion standard, we detect only a semantic, not a substantive, difference in this label and the 'arbitrary and capricious' label used in this case by the magistrate judge and district court."

tion. The administrator was not required to interpret plan terms or the extent of coverage, but was required to simply review the compiled medical evidence in order to determine whether the plaintiff could work. This court cannot give the administrator's factual findings discretion and at the same time determine the legally correct interpretation of the plan as mandated by the first step. It would appear to the court that the two-part test articulated in *Jordan* is only applicable in situations when the reviewing court is called upon to evaluate an administrator's legal conclusions of the plan's ramifications, not, as here, when the court is reviewing factual findings. *See Jones v. SONAT, Inc.,* 997 F.2d 113, 115, 116 (5th Cir.1993) ("In analyzing [the] Committee's interpretation of [the plan], we must first decide whether the Committee's interpretation of the plan was 'legally correct.' ").[2]

■ The defendant argues that the court is limited to the evidence before the administrator when determining whether the administrator abused its discretion. Again, the distinction that the administrator made a factual finding and not a policy coverage or policy term interpretation is pertinent. The Fifth Circuit in *Wildbur* explained that the reviewing court was not limited to the administrative record when determining whether a plan administrator abused his discretion in making a benefit determination. The court continued:

> We have long held that in conducting review under an abuse of discretion standard, a district court should evaluate the **administrator's fact findings** regarding the eligibility of a claimant based on the evidence before the administrator, **assuming that both parties were given an op-**

**portunity to present facts to the administrator.**

*Wildbur,* 974 F.2d at 639 (emphasis added); *see also Moore,* 993 F.2d at 102 ("... we may consider only the evidence that was available to the plan administrator in evaluating whether he abused his discretion in making the **factual determination....**" (emphasis added)).

### *Discussion*

■ This cause was remanded to the plan administrator due to the failure to have provided the plaintiff with appropriate notice as directed by 29 U.S.C. § 1133 and the corresponding federal regulations. Upon remand, the plan administrator provided the plaintiff with proper notice which allowed him to submit evidence to refute the July 21, 1991, decision to terminate disability benefits. Mindful of the limited review authority this court has over the decision to terminate disability benefits, the defendant had sufficient evidence before it to determine that the plaintiff was not disabled as defined by the plan.

Most notable are the independent evaluation by Dr. Thomas J. McDonald dated May 14, 1991, and the functional capacity evaluation conducted at the Industrial Work Center in Tupelo, Mississippi on December 30, 1991. Dr. McDonald stated:

> I would conclude from this examination and review of the records that this patient has a fixation of back problems in his mind that has persisted in a history of back pain and protection of his back in such a way that he absolutely refuses to bend or twist his back. Whether this is all of his free choosing or is due to a structural problem is very difficult to say. I will relate that I cannot find any muscle spasm. There is absolutely no nerve root dysfunction or irritation. His fusion done by Dr. Franks in 1983 has held the back from progressing

---

**2.** The Fifth Circuit in *Duhon v. Texaco, Inc.,* 15 F.3d 1302 (5th Cir.1994), considered an administrator's denial of disability benefits as an interpretation of plan terms and not as factual conclusion. Similar to this case, the administrator had reviewed all of the medical evidence and determined that the claimant could perform the duties of any occupation with certain physical limitations. The issue argued before the *Duhon* court was that the administrator had not properly interpreted the terms "qualified" for "any" job. In

essence Duhon argued that the administrator could not extrapolate from medical examination reports that he was "qualified" for any job. The court notes that the *Duhon* court did not apply the two-part test to determine whether the administrator abused his discretion. *See Duhon,* 15 F.3d at 1310 (Johnson, Circuit Judge, dissenting) ("Fifth Circuit case law—which is binding on this Court—makes it abundantly clear that the application of the two-step process in plan-interpretation cases is mandatory.").

in its spondylolisthesis and the fusion is very firm and is not causing him to have any problems.

Other than his subjective complaints, and his reluctance to move his back in any direction, I cannot demonstrate any objective findings to substantiate a total disability in this gentleman. Nor is there anything on his examination would suggest at his young age that he cannot be rehabilitated to do some type of labor.

A report dated August 26, 1991, from Dr. Stephen H. Hochschuler of the Texas Back Institute, submitted by the plaintiff, never states whether the plaintiff was disabled. The functional capacity evaluation conducted during the appeal process of the July 21, 1991, decision concluded that the plaintiff could perform sedentary work. The following conclusions were listed by the occupational therapist who conducted the evaluation:

1. Client was exerting less than maximum effort.

2. There were inconsistencies in performance throughout evaluation.

3. Client had tendency to self limit during performance of functional and physical assessment.

4. There were frequent complaints of pain during evaluation, however outward manifestation of pain was not observed.

5. Based on performance client is greatly deconditioned.

6. Unable to determine actual limitations and/or strengths due to subjective complaint of pain and self limitation on evaluation components.

Dr. Hochschuler had some of same observations:

[Mr. Rutledge] is a chronic pain type patient and he is going to need total reconditioning if anything is done. Much of this has to do with his desire to get better and there might be a real problem rehabilitating this patient.

During the remand the plaintiff submitted the letter of April 21, 1992, from Dr. John McFadden and the deposition testimony of Dr. Bruce Senter as to the plaintiff's condition on October 16, 1992, both of which state that the plaintiff was disabled at that time.

The defendant does not refute this evidence, but argues that it should be excluded on two grounds. First, that it was not before the defendant when it made the July 21, 1991, decision to terminate disability benefits. Second, that such evidence is not relevant as to the condition of the plaintiff on July 21, 1991. The court disagrees with both arguments. Since the original appellate procedure was defective due to inappropriate notice, and the full and fair review was not concluded until June 16, 1995, it is irrelevant that the evidence was not before the defendant on July 21, 1991, because it was during the appeal. Such evidence is certainly relevant, especially since the defendant does not dispute that the plaintiff may have been disabled as of those dates, but its probative value as to the condition of the plaintiff on July 21, 1991, is diminished because the plaintiff has not linked his condition on those dates with his condition on July 21, 1991. Additionally, no evidence of the plaintiff's particular condition has been submitted that allows the court to draw inferences as to whether it is possible for the plaintiff not to be disabled on July 21, 1991, but disabled as early as April 21, 1992 (McFadden's letter). This is where the plaintiff's claim fails. The subsequent disability of the plaintiff does not prove that the plan administrator's decision to terminate disability benefits was an abuse of discretion. Accordingly, not only did the plan administrator have sufficient evidence to find that the plaintiff was not disabled as to any occupation on July 21, 1991, but also, nothing the plaintiff has submitted convinces the court that the decision was an abuse of discretion.

An ORDER in accordance with this opinion shall be issued.

## ORDER

In accordance with an opinion issued concurrently, IT IS ORDERED:

That the plaintiff's case is dismissed with prejudice.