658 F.Supp. 84 (1987)
Terry HOLCOMB, Plaintiff,
v.
UNITED AUTOMOTIVE ASSOCIATION OF ST. LOUIS, INC., et al., Defendants.
No. 86-1666C(C).
United States District Court, E.D. Missouri, E.D.
March 17, 1987.
*85 Clyde Craig, St. Louis, Mo., for plaintiff.
Thomas Bearden, St. Louis, Mo., for defendants.

MEMORANDUM
MEREDITH, District Judge.
This matter is before the Court upon plaintiff's motion for summary judgment and defendants' cross-motion for summary judgment. For the reasons stated below, both motions will be granted in part and denied in part.
In 1978, the United Automotive Association of St. Louis, Inc. ("Association") and the Automotive, Petroleum and Allied Industries Employees Union, Local 618, of the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America ("Union") executed a trust agreement establishing the United Automotive Association Trust Indenture and Pension Plan ("Plan"). The agreement was signed by Edwin D. Dorsey ("Dorsey") as Secretary, Treasurer and Chief Executive Officer of the Union, William Shackles ("Shackles") as Recording Secretary of the Union, and Howard Eldridge ("Eldridge") as President of the Association. The Plan has been and continues to be maintained for the benefit of Union members who are employees of members of the Association.
Section 5.01 of the Trust Indenture provides that four persons shall serve on the Plan's Board of Trustees, and that the original trustees shall be Dorsey, Shackles, Eldridge and Edwin Epstein. These four persons have constituted the Board of Trustees at all times since the inception of the Plan. Dorsey and Shackles were removed as Union officers in January 1982, but have continued to serve as Plan trustees.
Section 5.02 of the Trust Indenture provides that Dorsey and Shackles shall remain as trustees "until their death, resignation or removal ... for good cause," whereupon the survivor of them shall recommend a successor subject to the approval of the remaining trustees.
Section 5.03 of the Trust Indenture provides, on the other hand, that Epstein and Eldridge may be removed "at any time and from time to time," and shall have no power to appoint a successor trustee. The successors to Dorsey and Shackles are likewise subject to these same conditions regarding removal and succession.
Section 5.05 of the Trust Indenture provides that, except for the limited power of Dorsey and Shackles to appoint an initial successor, "[a]ll vacancies in the Trustees shall be filled by the Association." The Plan is funded entirely by the Association.
Section 11.04 of the Trust Indenture provides that the Plan "is not established, sponsored or maintained pursuant to Section 302 of the [Labor Management Relations Act (LMRA), 29 U.S.C. §§ 141-197 (1982) ], but the Plan is a Plan established, sponsored and maintained by the Association."
On or about May 2, 1986, the Union requested in writing that the Association remove Dorsey and Shackles as trustees of the Plan, and replace them with trustees selected by the Union. The Association has denied that request.
Plaintiff, who is a beneficiary of the Plan, brought this action for declaratory and injunctive relief against the Plan, the Association and each of the four trustees. Plaintiff alleges that the Plan is being administered and maintained in a manner which violates the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1001-1461 (1982), and the structural requirements of section 302 of the LMRA, 29 U.S.C. § 186. Plaintiff and all defendants have filed motions for summary judgment.
Rule 56, Fed.R.Civ.P., establishes and delimits a district court's authority to enter summary judgment. Under that rule, summary judgment is appropriate only if no genuine issue of material fact is present in the case and judgment should be awarded as a matter of law. Given the drastic nature of this remedy, a court should not *86 grant summary judgment unless the moving party has established its right to a judgment with such clarity that there is no room for controversy. Buford v. Tremayne, 747 F.2d 445, 447 (8th Cir.1984).
In the case at bar, the material facts consist solely of the terms of the Trust Indenture, which are not disputed by either party. Summary judgment should, therefore, be granted in favor of whatever party (or parties) has established, as a matter of law, that it is entitled to a judgment on plaintiff's claims. Each of plaintiff's claims will be considered in turn.

The ERISA Claim
Plaintiff contends that the trustee selection procedures set forth in the Trust Indenture violate the fiduciary standards imposed upon pension plan trustees under ERISA, 29 U.S.C. § 1104 (1982). Specifically, plaintiff argues that section 5.02, by providing that Dorsey and Shackles may only be removed for cause, "creates a manifest danger of trustee disloyalty." Pltf's Memo. at 4. The danger, as plaintiff explains, is that a trustee who may only be removed for cause will become more responsive to the employer Association that ultimately controls and maintains the Plan than to the Union members, whom the trustee represents. To remedy this alleged violation, plaintiff requests that the Court remove Dorsey and Shackles as trustees and order defendants to accept the successor trustees appointed by the Union. Plaintiff also seeks a declaratory judgment that section 5.02 of the Trust Indenture violates ERISA, and requests that this Court reform and revise the Trust Indenture in a manner consistent with ERISA.
In support of this position, plaintiff cites Pension and Welfare Benefits Opinion Letter No. 85-41A, issued by the Secretary of Labor on December 5, 1985. In that letter, the Secretary considered whether a trust agreement violates the fiduciary responsibility provisions of ERISA if it provides that a union-designated trustee may not be removed as a trustee by the union during his lifetime in the absence of fiduciary misfeasance. The Secretary found that although ERISA does not specifically address the term of office of a pension plan trustee, "the Department [of Labor] is generally of the view that a lifetime term of appointment for a pension fund trustee would be inconsistent with ERISA's fiduciary responsibility provisions." The Secretary explained that the "high standards of loyalty and prudence" imposed upon pension plan fiduciaries might be undermined if the "plan sponsor that appoints a trustee can appoint a successor trustee only upon successfully bringing such charges as misfeasance or incapacity to perform the duties of the position." The Secretary thus concluded that ERISA requires that trustees be appointed to serve either at will or for a limited term.
Given that the Secretary of Labor is charged with primary responsibility for administering the fiduciary responsibility provisions of ERISA, his interpretation of this statute must be accorded considerable deference. Chevron U.S.A. v. Natural Resources Defense Council, Inc., 467 U.S. 837, 844, 104 S.Ct. 2778, 2782, 81 L.Ed.2d 694 (1984). However, even if the Secretary's interpretation is adopted by this Court, plaintiff would not be entitled to the relief which he seeks. In the situation considered by the Secretary, the union that was attacking the lifetime trustee appointments apparently had authority under the trust agreement to appoint successor trustees. Hence, once the lifetime appointment provision was invalidated, the union could legitimately move to remove and replace the current trustees.
In the instant case, however, section 5.05 of the Trust Indenture provides that the Association has exclusive authority to fill vacancies on the Board of Trustees. Plaintiff does not contend that section 5.05 violates ERISA in any manner; consequently, the Union lacks authority to appoint successor trustees and this Court has no authority to order the Association to replace Dorsey and Shackles with Union-designated trustees. Moreover, removal and replacement of pension plan trustees pursuant to ERISA is generally appropriate only if such trustees "have engaged in `repeated or substantial violation[s] of *87 [their] responsibilities.'" Katsaros v. Cody, 744 F.2d 270, 281 (2nd Cir.1984), quoting Marshall v. Snyder, 572 F.2d 894, 901 (2nd Cir.1978). See also Delgrosso v. Spang, 769 F.2d 928, 937 (3rd Cir.1985). Plaintiff alleges no such violations by Dorsey or Shackles. Removal and replacement of Dorsey and Shackles would thus be an inappropriate remedy even if the trustee selection procedures are in violation of ERISA.
Plaintiff also seeks declaratory relief and reformation of the Trust Indenture. If plaintiff established that the trustee selection procedures violate ERISA's fiduciary responsibility provisions, then this Court would have authority to declare the "for cause" requirement in section 5.02 invalid and to reform the Trust Indenture by striking that requirement. However, such relief would be unavailing to plaintiff, given that Dorsey and Shackles would then remain as trustees at the will of the Association, or serve for some limited term and then be replaced by the Association. Accordingly, plaintiff is not entitled to a judgment as a matter of law on his ERISA claim. Plaintiff's motion for summary judgment will, therefore, be denied as to this claim, and defendants' cross-motion for summary judgment will be granted.

The LMRA Claim
Plaintiff contends that the Trust Indenture is "structurally defective" because it does not comply with section 302 of the LMRA, 29 U.S.C. § 186. Section 302(a)(1) makes it unlawful "for any employer or association of employers ... to pay ... any money or other thing of value to any representative of any of his employees...." However, section 302(c)(5)(B) provides that employers may make payments to trust funds established by the representatives of the employees, provided that employees and employers are equally represented in the administration of the trust funds.
Plaintiff argues that the Association's contributions to the Plan constitute payments to representatives of the Union, and that the exception stated in section 302(c)(5)(B) is inapplicable because the Union and the Association are not equally represented on the Board of Trustees, which administers the Plan. Plaintiff contends, moreover, that the "lifetime" appointments of Dorsey and Shackles serve to perpetuate this imbalance in the management of the Plan.
To remedy this alleged violation of section 302, plaintiff requests that this Court issue an order declaring the Trust Indenture structurally defective and reforming the Trust Indenture in a manner consistent with section 302. Plaintiff further requests that the Court issue an order removing Dorsey and Shackles as trustees and requiring defendants to replace them with the successor trustees appointed by the Union.
Defendants admit that the Board of Trustees, as presently established, does not satisfy the "equal representation" requirement of section 302(c)(5)(B). Defendants argue, however, that the Association's contributions to the Plan do not constitute payments to the representatives of the Union because the Association has complete control over all pension funds in the Plan. Defendants cite authority indicating that if a pension plan is "absolutely dominated" by the employer, meaning that the employer makes all contributions to the plan and employee representatives do not share with the employer an equal right to control and manage the plan, then section 302 is inapplicable. See Independent Ass'n of Mutuel Employees of New York State v. New York Racing Ass'n, Inc., 398 F.2d 587 (2nd Cir.1968); Mechanical Contractors Ass'n of Philadelphia v. Local Union 420, 265 F.2d 607 (3rd Cir.1959) (quoting an advisory opinion from the Department of Justice). Contra Costello v. Lipsitz, 547 F.2d 1267 (5th Cir.1977). Section 302 does not apply in such case because the danger which that section was designed to combat  abuse by union officers of the power to control pension funds  would not be present if the employer exerted absolute dominance over the funds.
Defendants contend that the Association absolutely dominates the Plan, thereby rendering section 302 inapplicable. Defendants observe that the Association makes all *88 contributions to the Plan; that none of the members of the Board of Trustees, including Dorsey and Shackles, is currently a Union representative; and that the Association's authority to appoint successor trustees will allow it to maintain control over the Plan indefinitely.
Defendants' argument fails, however, because it ignores the plain fact that Dorsey and Shackles were Union officers when the Plan was established, and that each of them signed the Trust Indenture twice  once as Plan trustees and once as representatives of the Union. At the Plan's inception, therefore, the Union was equally represented on the Board of Trustees and shared with the Association an equal right to control and manage the Plan. It is thus apparent that, as the Plan was originally established in 1978, the Association's contributions did constitute payments to employee representatives within the meaning of section 302.
Defendants nevertheless argue that even if Dorsey and Shackles were originally representatives of the Union, they were removed as Union officers in 1982 and are now essentially under the Association's control. (An affidavit filed by plaintiff in conjunction with his motion for summary judgment states that, "Since at least January, 1982, there has been considerable animosity and hostility between Defendants Dorsey and Shackles and the officers currently administering the business and affairs of the Union.") Defendants thus contend that the Association now absolutely dominates the Plan, and that the Association's contributions to the Plan no longer constitute payments to employee representatives. Accordingly, defendants conclude that section 302 cannot be applied in this case.
The Court cannot accept this line of argument. The primary purpose underlying the section 302 restriction on payments to employee representatives is to prevent employers from using bribery to divide the loyalty of Union officials. International Union, United Automobile, Aerospace and Agricultural Implement Workers of America v. National Right to Work Legal Defense and Education Foundation, Inc., 590 F.2d 1139, 1149 n. 14 (D.C.Cir.1978); Alvares v. Erickson, 514 F.2d 156, 164 (9th Cir.1975). In the instant case, Dorsey and Shackles, who began in 1978 as Union representatives, have now apparently transferred their allegiances to the Association. The danger of such a breach of loyalty was inherent in the trustee selection procedures set forth in the Trust Indenture. Those procedures, which granted the Association virtually unlimited discretion to remove and replace trustees, did not provide the Union with any safeguard to ensure the loyalty of its representatives. The scheme of equal representation established in the Trust Indenture was, therefore, a false promise. Accordingly, the Court finds that the Plan, as currently established and administered, violates the structural requirements of section 302(c)(5)(B). Summary judgment will, therefore, be granted in favor of plaintiff and against defendants on plaintiff's LMRA claim.
The only remaining question concerns the appropriate remedy under section 302. Subsection (e) grants jurisdiction to the United States district courts "to restrain violations of [section 302]." It has been held that a federal district court has jurisdiction under this section "to enforce a trust fund's compliance with the statutory standards set forth in subsection (c)(5) by eliminating those offensive features in the structure or operation of the trust that would cause it to fail to qualify for a (c)(5) exception." Molnar v. Wibbelt, 789 F.2d 244, 248 (3rd Cir.1986).
In the instant case, the trustee selection procedures set forth in the Trust Indenture violate the equal representation provisions of section 302(c)(5)(B). This Court will, therefore, issue an order declaring invalid sections 5.02, 5.03, 5.04(b) and the second sentence of section 5.05 of the Trust Indenture. The Court shall further order that those provisions be stricken from the Trust Indenture. Section 5.01 shall remain intact, but from the date of the Court's order each of the four trustees, and their successors, *89 shall serve, and continue to serve, until their death, resignation or removal. Dorsey and Shackles may be removed and replaced by the Union at any time and from time to time, while Epstein and Eldridge may be removed and replaced by the Association at any time and from time to time. All other provisions of the Trust Indenture shall remain intact and enforceable.
For the foregoing reasons, plaintiff's motion for summary judgment will be granted as to the LMRA claim but denied as to the ERISA claim. Defendants' cross-motion for summary judgment will be denied as to plaintiff's LMRA claim but granted as to the ERISA claim.

ORDER
A memorandum filed this date is hereby incorporated into and made a part of this order.
IT IS HEREBY ORDERED that plaintiff's motion for summary judgment is denied as to the ERISA claim (Count I) but granted as to the LMRA claim (Counts I and V).
IT IS FURTHER ORDERED that defendants' cross-motion for summary judgment is granted as to the ERISA claim (Count I) but denied as to the LMRA claim (Counts I and V).
IT IS FURTHER ORDERED that sections 5.02, 5.03, 5.04(b) and the second sentence of section 5.05 shall be stricken from the Trust Indenture.
IT IS FURTHER ORDERED that Edwin D. Dorsey, William Shackles, Howard Eldridge and Edwin Epstein shall remain as trustees of the Plan until their death, resignation or removal.
IT IS FURTHER ORDERED that the Union shall have exclusive authority to remove and replace Dorsey and Shackles as trustees at any time and from time to time.
IT IS FURTHER ORDERED that the Association shall have exclusive authority to remove and replace Epstein and Eldridge as trustees at any time and from time to time.