No. 95-4002

Don Birdsell,                              *
                                           *
          Appellant,                       *
                                           *    Appeal from the United States
     v.                                    *    District Court for the
                                           *    Eastern District of Missouri.
United Parcel Service of                   *
America, Inc.; UPS Health and              *
Welfare Plan; Aetna Life and               *
Casualty Company,                          *
                                           *
          Appellees.                       *

_____

Submitted:  June 13, 1996

Filed:  August 27, 1996
_____

Before WOLLMAN, MORRIS SHEPPARD ARNOLD, and MURPHY, Circuit Judges.
_____

WOLLMAN, Circuit Judge.


Donald Birdsell appeals the district court's grant of summary judgment in favor of United Parcel Service of America, Inc., (UPS), UPS Health and Welfare Plan (the plan), and Aetna Life & Casualty Company (Aetna), in his action brought pursuant to the Employee Retirement Income Security Act, 29 U.S.C. §§ 1001 et seq. (ERISA).  We affirm.


**I.**


As an employee of UPS, Birdsell is a participant in the plan, which is an ERISA-covered employee welfare benefit plan.  See 29 U.S.C. § 1002(1).  The day-to-day operations of the plan are managed by Aetna as the claim administrator; however, UPS retains the exclusive right and discretion to determine whether a participant is eligible for benefits under the plan.

Birdsell began treatment for periodontal disease in 1986, at which time he had a number of teeth extracted and was fitted with denture plates to replace his top teeth. In June of 1991, Birdsell's oral surgeon, Dr. Bisch, determined that it would be necessary to extract Birdsell's remaining bottom teeth. Aetna agreed to cover this procedure. The present controversy arose when Aetna's dental consultants and Birdsell's physicians could not agree on the appropriate prosthetic device with which to replace the teeth once they were removed. Birdsell and his physicians favored dental implants -- in essence, false teeth permanently placed in the jaw bone -- contending that Birdsell's remaining jaw bone was insufficient to support conventional dentures. Conversely, Aetna's dental consultants recommended such dentures.

Following Dr. Bisch's initial letter to Aetna recommending that Birdsell be approved for dental implants, a barrage of correspondence ensued. Aetna's letters included several requests for X-rays and for any additional information necessary to make a proper benefit determination. Dr. Bisch enclosed the requested X-rays with his letters and, according to his testimony, provided all of the facts necessary to determine the medical necessity of the implants.

Birdsell's dentist, Dr. Smith, also wrote to Aetna, offering his view that providing Birdsell with conventional dentures would be clinically unacceptable because of "minimal bone remaining" in part of Birdsell's jaw. Each time Aetna was provided with new information, it re-evaluated Birdsell's request and then denied coverage.

In making its determination to deny benefits, Aetna obtained the opinions of three dental consultants -- two dentists and one oral surgeon. Each of these physicians came to the conclusion that the implants were not medically necessary and that the use of conventional dentures was appropriate. Aetna's letters informed

-2-

Birdsell of these conclusions, stating specifically that "it appears the patient has sufficient bone present to hold conventional dentures properly[.] Therefore, implants do not appear medically necessary . . ."

Despite these consistent denials, Birdsell decided to proceed with the implants. In January 1993, Birdsell had his teeth extracted and was fitted for a temporary denture pending placement of dental implants. Thereafter, Birdsell, Smith, and an administrative supervisor with UPS wrote to Aetna requesting review of Birdsell's claim. In his letter, Birdsell explained that he had tried conventional dentures but that they caused him constant pain, that he was unable to eat solid foods, and that he felt restricted to eating his meals in private. Aetna again reviewed Birdsell's claim and again denied coverage, this time informing Birdsell of his right to appeal the decision to UPS, the plan administrator.

On December 29, 1993, Birdsell had the implant procedure performed without obtaining a commitment for coverage from Aetna. Aetna again reviewed Birdsell's file, and on January 20, 1994, wrote to Birdsell advising him that it was adhering to its previous determination.

On March 17, 1994, Birdsell's attorney wrote to the plan administrator for UPS requesting that she be provided with numerous documents relating to the denial of dental implants. UPS responded, informing counsel that it had treated the March 17 letter as a request for appeal and that the appeals committee had conducted a thorough review of the information available, which included letters from Dr. Bisch, Dr. Smith, and Birdsell, as well as Aetna's response letters. UPS further stated that the committee did not find sufficient evidence to override Aetna's decision. In addition, UPS enclosed some of the requested documents and stated that others would be provided upon payment of copying charges and that the remainder of requested documents either were not

applicable to or had not been issued with respect to the plan.  Birdsell refused to pay the $27.50 necessary to obtain the copies, claiming that such charges were excessive.[1]

Birdsell then filed this action, claiming that defendants breached their fiduciary duties under ERISA by failing to authorize payment for his dental implants and by failing to provide timely and proper information and documentation concerning their reasons for denying these benefits.  He requested review of the decision to deny his claim, equitable relief (including the removal of the fiduciaries), and statutory damages for failure to provide documents and information under ERISA.

## II.

Because the plan gave UPS the exclusive right and discretion to determine eligibility of benefits, the district court reviewed the decision to deny benefits for abuse of discretion.  <u>Maune v. International Brotherhood of Electrical Workers</u>, 83 F.3d 959, 962 (8th Cir. 1996).  We review the district court's determination de novo.[2]  <u>Id.</u>  We will uphold the decision to deny benefits if we find it to be reasonable -- that is, if it is supported by a

---

[1]In his deposition, Birdsell acknowledged that, as an employee of UPS earning over $19.00 per hour, he could have afforded the $27.50 charge had he needed the copies.

[2]We reject Birdsell's argument that the record does not support a finding of discretionary authority to determine benefits. The Summary Plan Description provides:

> United Parcel Service shall have the exclusive right and discretion to interpret the terms and  conditions of the plan,  and  to  decide  all  matter  arising  in  its administration  and  operation,  including  questions pertaining to eligibility for, and the amount of benefits to be paid by the plan . . . .

Thus, UPS's discretionary authority is apparent.

-4-

reasoned explanation, even if another reasonable, but different, interpretation may be made. <u>Donaho v. FMC Corp.</u>, 74 F.3d 894, 899 (8th Cir. 1996).

In its description of the plan's coverage of dental expenses, the Summary Plan Description states:

> Your dental plan provides protection against most dental expenses. But, as you might expect, some services and treatments are not covered . . . No benefits are payable for . . . dental implants (unless specifically approved in advance).

The plan further establishes two criteria that the desired treatment must satisfy to qualify for benefits: 1) the desired procedure must be necessary and customarily employed nationwide for the treatment of the dental condition; and 2) the treatment must be appropriate and meet professionally recognized standards of quality.

We find the conclusion that the dental implants were not medically necessary to be reasonable. Aetna sought and obtained the opinions of two dentists and one oral surgeon, all of whom agreed that the requested implants were not medically necessary. Birdsell's physicians' opinion to the contrary does not render the decision unreasonable. <u>See</u> <u>Bolling v. Eli Lilly & Co.</u>, 990 F.2d 1028, 1029-30 (8th Cir. 1993) (decision not unreasonable simply because it adopts one of two competing medical opinions).

Birdsell argues that defendants failed to conduct a full and fair review of his claim. This contention appears to be based on three perceived deficiencies in the review of his claim: 1) defendants' failure to conduct an independent clinical analysis of Birdsell; 2) defendants' alleged failure to obtain Birdsell's full medical records; and 3) defendants' alleged failure to adequately explain to Birdsell the reasons for the denial of benefits. We

find each of these allegations to be without merit.

This is not a case where a clinical evaluation of the patient was necessary to make the proper benefits determination. Birdsell's oral surgeon acknowledged that he provided Aetna with all of the requisite information to determine whether the implants were medically necessary. After viewing the X-rays and related information, Aetna's consultants simply reached a conclusion different from that reached by Birdsell's physicians regarding whether Birdsell's bone was sufficient to support dentures. Birdsell has given us no reason to believe that the consultants would have agreed with his physicians had they examined Birdsell in person.

On several occasions Aetna requested that Birdsell submit any further relevant information. Birdsell, however, failed to bring to Aetna's attention the information that he now claims was crucial to Aetna's decision. Birdsell's failure to offer additional information, coupled with Dr. Bisch's statement that he had provided Aetna with all of the necessary information, precludes Birdsell from now claiming that Aetna's decision was based on insufficient information. See Davidson v. Prudential Ins. Co. of Am., 953 F.2d 1093, 1095 (8th Cir. 1992).

We further conclude that Birdsell received a sufficient explanation regarding the denial of benefits. Aetna explained to Birdsell that coverage was being denied because three dental consultants had concluded that the implants were not medically necessary and that conventional dentures were a workable alternative. This evaluation by Aetna and the subsequent review by UPS is more than sufficient to satisfy us that Birdsell obtained a full and fair review of his claims. See Wald v. Southwestern Bell Corp., 83 F.3d 1002, 1007 (8th Cir. 1996).

**III.**

Birdsell makes various allegations regarding defendants' alleged failure to comply with his request for documents. ERISA section 1132(c) provides that an ERISA administrator who fails to provide requested information within thirty days may be personally liable for up to $100 per day. After a review of the record and of the district court's meticulous description of all of the documents requested and provided, we find no merit in this claim.

**IV.**

We also decline Birdsell's invitation to remove the trustees as ERISA fiduciaries. The removal of ERISA fiduciaries is warranted only when the fiduciaries have "engaged in repeated or substantial violations of their responsibility." Holcomb v. United Automotive Assoc. of St. Louis, 658 F. Supp. 84, 86-87 (E.D. Mo. 1987), aff'd, 852 F.2d 330 (8th Cir. 1988); Katsaros v. Cody, 744 F.2d 270, 281 (2d Cir.), cert. denied, 469 U.S. 1072 (1984). We have found no violations of fiduciary responsibility, much less repeated or substantial ones.

The judgment is affirmed.

A true copy.

   Attest:

          CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.