# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-3635

_____

| | |
|---|---|
| James Gugin, | * |
| | * |
| Appellee, | * |
| | * |
| v. | * |
| | * |
| J. C. Penney Company, Inc. Voluntary | * |
| Employees Beneficiary Association | * |
| Medical Benefit Plan, | * |
| | * |
| Appellant. | * |

_____

No. 98-3989

_____

| | | |
|---|---|---|
| | | Appeals from the United States |
| James Gugin, | * | District Court for the Western |
| | * | District of Arkansas. |
| Appellee, | * | |
| | * | [UNPUBLISHED] |
| v. | * | |
| | * | |
| J. C. Penney Company, Inc. Voluntary | * | |
| Employees Beneficiary Association | * | |
| Medical Benefit Plan, | * | |
| | * | |
| Appellant. | * | |

_____

No. 98-4011
_____

James Gugin,                                    *
                                                *
            Appellant,                          *
                                                *
      v.                                        *
                                                *
J. C. Penney Company, Inc. Voluntary            *
Employees Beneficiary Association               *
Medical Benefit Plan,                           *
                                                *
            Appellee.                           *
                              _____

                        Submitted:  November 15, 2000

                        Filed:  November 22, 2000
                              _____

Before BOWMAN, FAGG, and BEAM, Circuit Judges.
                              _____

PER CURIAM.

      J. C. Penney Company, Inc. Voluntary Employees Beneficiary Association
Medical Benefit Plan ("the Plan"), set up under the Employment Retirement Security
Act of 1974 (ERISA), denied medical benefits to Plan participant James Gugin for a
portion of the time he was hospitalized for post-stroke psychiatric and related
problems, and for his later treatment at Timber Ridge Ranch (Timber Ridge), based on
the finding of its reviewing physicians that the care was medically unnecessary.  The
Plan also denied as untimely one of Gugin's administrative appeals.  After Gugin

-2-

brought suit under 29U.S.C. § 1132(a)(1)(B) for wrongful denial of benefits, the district court decided (1) the administrative appeal should be deemed timely; (2) Gugin was entitled to recover benefits for his hospitalization; (3) although Gugin was not entitled to recover the costs of Timber Ridge, he should recover the cost of certain alternative care for the period of time he spent there; and (4) he was entitled to attorney fees of $8,400. The Plan appeals the district court's award of benefits and attorney fees. Gugin cross-appeals the district court's conclusion he was not entitled to coverage for his Timber Ridge stay. We affirm the award of medical benefits, but remand to the district court for reconsideration of the attorney fees award.

Because the Plan gave the administrator--Aetna, or the J. C. Penney Board of Governors (Board), in an appeal--the exclusive right and discretion to interpret, to rule on Plan language, and to determine coverage, the district court properly reviewed the decisions at issue for abuse of discretion. See Birdsell v. United Parcel Serv. of Am., Inc., 94 F.3d 1130, 1133 (8th Cir. 1996). We review the district court's determination de novo. See id. Like the district court, we determine whether the Plan's decisions were supported by substantial evidence, considering only the evidence that was before the administrator. See Farley v. Arkansas Blue Cross and Blue Shield, 147 F.3d 774, 777 (8th Cir. 1998). We must affirm if "'a reasonable person could have reached a similar decision, given the evidence before him, not that a reasonable person would have reached that decision.'" See Sahulka v. Lucent Tech., Inc., 206 F.3d 763, 769 (8th Cir. 2000) (citation and emphasis omitted).

The Plan argues the district court did not apply this deferential standard of review in considering as timely the administrative appeal the Plan administrator had rejected as untimely. Our review of the court's thorough order, however, convinces us the court properly reviewed for an abuse of discretion, and we agree with the court it was unreasonable for the Plan administrator not to extend the appeal deadline in the circumstances of this case. We also agree with the district court that the Plan's denial of hospitalization costs was unreasonable but the Timber Ridge denial was reasonable.

The Plan contends the district court was precluded from awarding Gugin the charges he would have incurred for care in a less medically intense setting for the period of time he was hospitalized at Timber Ridge once it upheld the Plan's refusal to provide coverage for Timber Ridge. The Plan also argues the district court wrongly considered material submitted by the parties, at the court's request, in determining the proper award. We disagree. The Plan had suggested partial hospitalization or skilled nursing care in lieu of treatment at Timber Ridge. Further, the Plan presented no evidence showing Gugin would not have required the suggested alternative care for at least as long as he incurred charges at Timber Ridge, and the district court sought additional evidence only to determine the cost of the alternative benefits the Plan had suggested it would provide--not to determine the reasonableness of the denial of the requested coverage. Cf. Mansker v. TMG Life Ins. Co., 54 F.3d 1322, 1328 (8th Cir. 1995) (declining to adopt insurer's view that, when plan administrator has discretionary authority to decide issues concerning payment of benefits but fails to do so because coverage is being denied, courts may not independently decide issues after determining benefits were improperly denied). Likewise, we disagree with Gugin that remand to Aetna to determine the cost of alternative benefits was required.

Finally, the Plan argues the court failed to apply the relevant factors in awarding attorney fees, and the amount was unreasonable given Gugin's limited success. We review the award of attorney fees in an ERISA case for abuse of discretion. See Dodson v. Woodmen of the World Life Ins. Co., 109 F.3d 436, 440 (8th Cir. 1997). In deciding whether to award attorney fees, the district court should consider the opposing party's culpability or bad faith, its ability to pay, the deterrent effect an award would have on others, whether the requesting party sought to benefit all participants or to resolve a significant ERISA legal question, and the relative merits of the parties' positions. See id. Although the amount of the recovery is relevant, see Griffin v. Jim Jamison, Inc., 188 F.3d 996, 997 (8th Cir. 1999), the district court mentioned only that factor, see id. at 997-98 (it is unnecessary for the district court to examine explicitly and exhaustively all factors relevant to fee award, but where court mentioned only

-4-

amount of recovery, other factors deserved explicit consideration). We thus find the district court abused its discretion in awarding attorney fees without consideration of the additional factors.

Accordingly, we affirm the district court's award of medical benefits, we vacate the award of attorney fees, and we remand for further proceedings consistent with this opinion.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.